## H. J. TAGGART ET AL. v. J. W. HILLMAN.

Decided February 17, 1906.

#### —Liquor Dealer's Bond—One Surety—Bonding Company.

Sayles' Rev. Stats., art. 733, passed in 1897, provides in substance, that a bond required by law, other than State and county official bonds, may be made by a surety company. In 1901 the Legislature reenacted art. 5060g, Rev. Stats., 1895, requiring bonds of liquor dealers to have "at least two good, lawful and sufficient sureties," the provision in the original enactment as to the number of bondsmen being in no manner changed. The Act of 1901 was merely an amendatory Act of the former statute. This being the case the reenactment of the provision of the law as it existed prior to 1897 will be construed as continuous, and the said Act of 1897 will have the same effect as to bonds as though no amendment had been made. The bond was valid.

#### 2.—Same—Pleading.

It was not necessary for plaintiff to allege that said bonding company was a surety company, or that it was authorized to become surety on the bond sued on. If for any reason the bond was defective the defendants should have shown such defect.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Hart, Mahaffey & Thomas,* for appellants.—A liquor dealer's bond, with a bonding company as the only surety thereon, is not in compliance with the Act of 1901, which requires, in such cases, at least two good, lawful and sufficient sureties and no recovery can be had thereon. Hillman v. Mayher, 85 S. W. Rep., 818; Houston, E. & W. T. Ry. Co. v. Campbell, 45 S. W. Rep., 2; 26 Am. & Eng. Ency. Law (2d ed.), 658; South. on Int. of Stat., pp. 176, 371, 281; Const., art. 3, sec. 36, 35; Judd v. State, 62 S. W. Rep., 543; Gunter v. Texas Land & Mort. Co., 82 Texas, 500; Adams & Wickes v. San Angelo Water Co., 86 Texas, 485.

*Hillman & Graham,* for appellee.—A liquor dealer's bond, with a bonding company as the only surety thereon, is a sufficient compliance with the Acts of 1901.

A defective statement of a cause of action is not subject to general demurrer; if so stated to be amendable, it is good as against general demurrer. Erie Telegraph Co. v. Grimes, 82 Texas, 94. Defects in a petition which could and probably would be cured by amendment, if pointed out by a special exception, can not be reached by general demurrer. Houston Cotton Exchange v. Crawley, 3 Texas Civ. App., 176.

General demurrer not acted on by trial court should be deemed waived. Merlin v. Manning, 2 Texas, 353; State v. Burnett, 9 Texas, 50; Chambers v. Miller, 9 Texas, 237; Bonner v. Glenn, 79 Texas, 533; Phoenix Ins. Co. v. Boren, 83 Texas, 98.

The Acts of 1897 (Laws of Texas, vol. 10, p. 1298) does not repeal any Act except one therein expressly repealed. It by its terms constitutes corporations, authorized by said Act to be organized and char-

tered for the purpose of making bonds, etc., are made plural in the sense that they take the place of one surety, where by law only one surety is sufficient, and of more than one, on bonds where by law more than one surety is required. Such corporations are plural under said act—so that the American Bonding Company of Baltimore was fully authorized to make the bond at issue, without being joined therein by any other surety—said Act is not amendatory of any other act, it is the original upon the subject. Revised Statute 1895, art. 5060g; Acts of 1897, p. 244 (Laws of Texas, vol. 10, p. 1298); Acts of 1901, p. 314; Southerland Statutory Construction, sec. 137, 138, pp. 176-181; Black on Interpretation of Laws, pp. 359-361; State v. Andrews, 20 Texas, 230; State v. Drake, 86 Texas, 333; Scalfi & Co. v. State, 7 Texas Ct. Rep., 225; Scalfi v. Graves, 7 Texas Ct. Rep., 851; Hawthorne v. State, 12 Texas Ct. Rep., 699; Costellano v. Marks, 11 Texas Ct. Rep., 577; Hillman v. Mayher, 85 S. W. Rep., 818; Pearce v. State, 35 Texas Ct. Rep., 150; Green v. Southard, 61 S. W. Rep., 705; State v. Harper, 12 Texas Ct. Rep., 847; Faulkner v. Cassidy, 13 Texas Ct. Rep., 366.

Appellant filed a general exception, failed to present same to the court, thereby waived it, and admitted the sufficiency of appellee's pleadings. Merlin v. Manning, 2 Texas, 353; State v. Burnett, 9 Texas, 50; Chambers v. Miller, 9 Texas, 237; Bonner v. Glenn, 79 Texas, 533; Phoenix Ins. Co. v. Boren, 83 Texas, 98; Erie Tel. Co. v. Grimes, 82 Texas, 95; Houston Cotton Ex. v. Crawley, 3 Texas Civ. App., 176.

RAINEY, CHIEF JUSTICE.—This is a suit on a liquor dealer's bond executed by H. J. Taggart, as principal, and the American Bonding Company, as surety. The allegations in the petition are, in effect, that appellant Taggart, sold intoxicants to Jack Hillman, the minor son of appellee, and permitted said Jack Hillman to enter and remain in appellant's place of business. A trial and judgment resulted in favor of plaintiff against the defendants on the bond, from which the defendants appeal.

The sufficiency of evidence to sustain the judgment is not questioned, and we conclude that the allegations of the petition as to the selling to said minor and permitting him to enter and remain in said place of business, are supported by the evidence.

The main point presented by appellant is embraced in the following proposition: "A liquor dealer's bond, with a bonding company as the only surety thereon, is not in compliance with the Act of 1901, which requires, in such cases, at least two good, lawful and sufficient sureties and no recovery can be had thereon." The bond in suit had only one surety—a bonding company.

In 1897, the Legislature passed an Act, Sayles' Statutes, art. 733, which provides in substance that the making of a bond required by law, other than State and county official bonds, may be made by a surety company, which is permitted to do business in this State and the execution of such a bond will be in compliance with the law requiring two sureties upon bonds.

In 1901 the Legislature reenacted article 5060g, Revised Statutes,

1895, requiring bonds of liquor dealer's to have "at least two good, lawful and sufficient sureties," the reenactment being the same as the original, except as to the clause relating to habitual drunkards, the provision as to the number of bondsmen being in no manner changed.

The contention of appellant, as we understand it, is in substance, that the Act of 1901, being penal in its nature, and special in its object, must be construed alone, and that it is not affected by the Act of 1897, as the last Act was passed prior to the Act of 1901.

The Act of 1901, above mentioned, was merely an amendatory act of the former statute, and this was made in compliance with the provision that in amending the law it shall not be done by reference to the title, but shall be reenacted and published at length. (Rev. Stats., art. 3255.) This being the case, the reenactment of the provision of the law as it existed prior to the Act of 1897 will be construed as continuous, and the said Act of 1897 will have the same effect as to the section relating to bonds, as though no amendment had been made.

"A later law which is merely a reenactment of a former, does not repeal an intermediate Act which has qualified or limited the first one, but such intermediate Act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first." Lewis' Southerland Statutory Construction, sec. 273; also secs. 238, 239.

The Act of 1897 is in force and the bond in this case having as surety only the bonding company, is valid and appellant's contention is overruled.

We adhere to the ruling in the case of Hillman v. Mayher, 85 S. W. Rep., 818, decided by this court, and cited by appellants in support of their position. In that case there was only one surety, an individual, and it was held that one surety was not sufficient, and the one surety in this case is a bonding company, for which provision is made by law, while no such provision is made as to an individual.

It is further contended "that the Act of 1897, insofar as it attempts to dispense with the necessity of two sureties on bonds, in cases where two are required by law, is void, because, first, it is an attempt to amend divers and sundry statutes of this State without reenacting and publishing at length the statutes sought to be amended as required by section 36 of article 3 of the Constitution; second, the subject of the Act is not expressed in the title insofar as it attempts to change or amend those statutes which require two sureties upon bonds; third, it is obnoxious to section 35 of article 3 of the Constitution, which prohibits the including of more than one subject in the same bill." We do not think the Act is subject to the objections urged, as it does not, in our opinion, infringe upon the articles of the constitution mentioned. (State v. Larkin, 14 Texas Ct. Rep., 582; Clark v. Finley, 54 S. W. Rep., 343; Snyder v. Compton, 87 Texas, 374; City of Oak Cliff v. State, 8 Texas Ct. Rep., 589; Johnson v. Martin, 75 Texas, 33.)

The objections here urged that it is not alleged that said bonding company is a surety company, or that it was authorized or empowered to be, or become, surety upon the bond sued upon by the plaintiff herein, render the judgment illegal and subject to be arrested therefor, are not tenable. The petition alleged a cause of action upon the bond

as shown by its face, and if for any reason the bond was defective and defendants not liable thereon, they should have shown such defect.

Finding no error in the judgment it is affirmed.

*Affirmed.*

Writ of error refused.