WINKIE v. CONATSER. (No. 658.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 7, 1914. Rehearing Denied Dec. 19, 1914.)

1. EXECUTION (§ 171*) — RESTRAINING ENFORCEMENT OF EXECUTION — ADEQUACY OF REMEDY AT LAW—STATUTES.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, authorizing an injunction where a cloud will be put on real estate by a sale on execution against one having no interest in the property, the adequacy of plaintiff's remedy at law in a case within the statute is no objection to relief.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

2. EXECUTION (§ 171*) — RESTRAINING SALE ON EXECUTION—GROUNDS.

Equity will enjoin a sale of land, title to which is in a husband, under execution against his wife, where parol evidence is necessary to show that she was not sued for necessaries furnished her or her children, and that the property was not purchased with her separate earnings, and will cancel the execution as cloud on title.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

3. HUSBAND AND WIFE (§ 262*)—TITLE—CONVEYANCE TO HUSBAND—COMMUNITY PROPERTY.

Land conveyed to a husband is prima facie community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262.*]

4. HUSBAND AND WIFE (§ 268*)—LIABILITY OF HUSBAND FOR WIFE'S DEBT—"NECESSARIES."

A debt due from a wife for commissions for an exchange of her separate property is not for "necessaries," within Vernon's Sayles' Ann. Civ. St. 1914, art. 4624, declaring that neither the separate property of the husband nor the community property other than the personal earnings of the wife and the income from her separate property, shall be subject to the payment of debts contracted by her, except for "necessaries"

---

furnished her or her children, and community property is not liable therefor.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 953–967; Dec. Dig. § 268.*

For other definitions, see Words and Phrases, First and Second Series, Necessaries.]

5. STATUTES (§ 115*)—TITLE—SUFFICIENCY.
The title of Acts 33d Leg. c. 32 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624) "An act to amend articles 4621, 4622 and 4624 * * * concerning the marital rights of parties, defining separate and community property * * * conferring upon the wife the power to make contracts," etc., meets the requirement of Const. art. 3, § 35, declaring that no bill shall contain more than one subject, which shall be embraced in the title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 150, 151; Dec. Dig. § 115.*]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action by W. J. Conatser against H. J. Winkie and another. From a judgment perpetuating the injunction, defendant named appeals. Affirmed.

Fisher & Palmer, of Canadian, for appellant. Hoover & Hoover, of Canadian, for appellee.

HALL, J. Appellee, Conatser, filed this suit in the district court of Hemphill county, seeking to restrain C. H. Tipps, the sheriff of said county, from selling certain real estate, which had been levied upon by virtue of an execution issued out of the district court of Hemphill county, upon a certain judgment rendered on the 6th day of September, 1913, against Mrs. Mary A. Conatser, wife of the plaintiff, and in favor of the appellant, Winkie. The judgment upon which this execution was issued was based upon a judgment recovered in January, 1913, by H. J. Winkie against Mrs. Conatser, in Stanislaus county, Cal. The California judgment was recovered by Winkie for certain commissions alleged to be due him as a real estate broker in the exchange of certain property situated in California, and belonging to Mrs. Conatser. Appellee was made a party defendant pro forma, but neither of the judgments were rendered against him personally. From a judgment perpetuating the injunction this appeal is prosecuted.

[1] Appellant first contends that the injunction herein should not have been granted because it appears from the petition that the plaintiff had an adequate remedy at law for the injuries complained of. Article 4643, Vernon's Sayles' Civil Statutes, provides that judges of the district and county courts may grant writs of injunction in the following cases:

"(3) In all cases where the applicant for such writ may show himself entitled thereto under the principles of equity, and as provided by statutes and all other acts of this state, providing for the granting of injunctions, or where cloud would be put on the title of real estate being sold under an execution against a person, partnership or corporation, having no interest in such real estate subject to the execution at the time of the sale, or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law."

The fact that the applicant for injunction had an adequate remedy at law was formerly a sufficient ground under the decisions of this state for denying him relief in equity. The above-quoted statute was enacted to change this rule. By the express provisions of paragraph 3, if the title to his real estate is about to be clouded, he is now entitled to his writ of injunction, "irrespective of any legal remedy at law." Lakeside I. Co. v. Kirby, 166 S. W. 717; Houston Oil Co. v. Davis, 154 S. W. 337; Acme Cement Plaster Co. v. American C. P. Co., 167 S. W. 185.

[2, 3] It is said, in Texas Land & Mortgage Co. v. Worsham, 5 Tex. Civ. App. 245, 23 S. W. 938, that if a judgment is on its face valid and is a subsisting lien on lands requiring extrinsic and parol evidence to defeat it, equity will enjoin execution thereunder and order its cancellation as a cloud on the title. This seems to be the rule announced by the great weight of authority. Under article 4624, Vernon's Sayles' Civil Statutes, neither the separate property of the husband nor the community property, other than the personal earnings of the wife, and the income, rents, and revenues from her separate property, shall be subject to the payment of debts contracted by her, except those contracted for necessaries furnished her or her children. Neither the California judgment nor the judgment rendered in Hemphill county, upon which this execution was issued, shows the nature of the original debt upon which suit was instituted against Mrs. Conatser. Parol evidence is therefore necessary to establish the fact that she was not sued for necessaries furnished her or her children, and that the property was not purchased with her separate earnings, thus bringing it within the rule announced in Texas Land & Mortgage Co. v. Worsham, supra. The land upon which the execution had been levied was conveyed to appellee, and was prima facie community property.

[4] The trial court did not err in holding that the debt due from Mrs. Conatser to appellant as commissions for the exchange of her separate property in California could not be classed as a debt for "necessaries" within the meaning of the statute.

[5] We think the title of Act 33d Leg., pp. 61 to 63, c. 32 (Vernon's Sayles' Ann. Civ. St. 1914, §§ 4621, 4622, 4624), meets the requirements of article 3, § 35, of the Constitution. Taggart v. Hillman, 42 Tex. Civ. App. 71, 93 S. W. 245; Focke v. State (Cr. App.) 144 S. W. 267; Brown v. State, 57 Tex. Cr. R. 269, 122 S. W. 565; Singleton v. State, 53 Tex. Cr. R. 625, 111 S. W. 736.

We find no reversible error in the record, and the judgment is affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes