MEMPHIS COTTON OIL CO. v. TOLBERT.
(No. 659.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 7, 1914. Rehearing Denied and Request to Certify Refused Dec. 5, 1914.)

1. APPEAL AND ERROR (§ 750*) — ASSIGNMENT OF ERROR—ISSUE RAISED.

An assignment of error that under a defense pleaded, the evidence introduced, and the verdict thereon, it was error to render judgment for plaintiff does not raise the issue that the answer undenied was a bar to recovery.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

2. PLEADING (§ 182*) — SPECIAL MATTERS OF DEFENSE—FAILURE TO ANSWER.

Rev. St. 1911, art. 1829, as amended, providing that specially matters of defense not answered shall be taken as confessed, does not apply to matters anticipated by the petition; so that the allegations of the answer are the mere converse of those of the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 387, 388; Dec. Dig. § 182.*]

3. PLEADING (§ 412*)—WAIVER OF OBJECTIONS —WANT OF REPLY.

Any right of defendant to judgment on the pleadings, because of absence of reply to allegations of the answer, is waived by proceeding to trial without claim thereof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. § 412.*]

4. STATUTES (§ 114*)—SUBJECT AND TITLE— WORKMEN'S COMPENSATION ACT.

The Workmen's Compensation Act (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]) has but one subject, and that expressed in the title, in compliance with Const. art. 3, § 35; the ends to be reached, while more than one, all relating to the employer's liability, and the proceedings for compensation of certain employés.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 145, 147–149; Dec. Dig. § 114.*]

5. CONSTITUTIONAL LAW (§ 245*) — EQUAL PROTECTION OF THE LAWS — WORKMEN'S COMPENSATION ACT.

The Workmen's Compensation Act is not violative of the equal protection clause of the United States Constitution. Const. U. S. Amend. 14, § 1.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 702; Dec. Dig. § 245.*]

6. CONSTITUTIONAL LAW (§ 301*)—DUE PROCESS—WORKMEN'S COMPENSATION ACT.

The Workmen's Compensation Act is not violative of the due process of law clause of the United States Constitution (Const. U. S. Amend. 14, § 1) and Const. Tex. art. 1, § 19.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 848–850, 857; Dec. Dig. § 301.*]

7. MASTER AND SERVANT (§ 16½, New, vol. 16 Key-No. Series)—WORKMEN'S COMPENSATION ACT—POLICE POWER—PUBLIC POLICY.

The Workmen's Compensation Act is within the police power, and not contrary to public policy.

8. STATUTES (§ 64*) — PARTIAL INVALIDITY — WORKMEN'S COMPENSATION ACT.

Even if the sections of the Workmen's Compensation Act, authorizing creation and regulation of the Texas Employers' Insurance Association, violate Const. art. 12, §§ 1, 2, as to creation of private corporations, they may be eliminated without impairing the sections as to contributory negligence, assumed risk, and fellow servants, complete within themselves and capable of being executed in accordance with the legislative intent.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. § 64.*]

9. DAMAGES (§ 221*) — INJURIES TO SERVANT —TRIAL — VERDICT — SUFFICIENCY — CERTAINTY.

A verdict finding that $7,000 would fairly compensate plaintiff for his injuries, that his earning capacity was decreased by his injuries $5,000, and that the first amount should be diminished two-fifths on account of his contributory negligence, is sufficiently certain to sustain a judgment.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 563–566; Dec. Dig. § 221.*]

10. MASTER AND SERVANT (§ 87½, New, vol. 16 Key-No, Series)—INJURY TO SERVANT—ASSUMPTION OF RISK—WORKMENS' COMPENSATION ACT.

Assumption of risk is, under the Workmen's Compensation Act, not a defense to a servant's action for injury.

11. APPEAL AND ERROR (§ 742*) — GROUPING ASSIGNMENTS—BRIEFING.

An assignment complaining of the granting of plaintiff's motion for judgment for $7,200 because excessive, and because the jury's finding authorized one for only $4,200, and one complaining of refusal of defendant's motion for a judgment for only $4,200, because there was no pleading or evidence to support one for more, relate to the same question, and so may be grouped in the brief and considered together.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

12. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

Neither the proposition that the jury's finding in answer to an issue requested by plaintiff was not signed by the jury nor one that defendant's plea of contributory negligence, assumption of risk, and fellow servant, not having been denied by supplemental petition, should have been taken as confessed is germane or relevant to, or included in, assignments complaining of the granting of plaintiff's motion for judgment for $7,200, because excessive, and because the jury's finding authorized one for only $4,200, and of the refusal of defendant's motion for a judgment for only $4,200, because there was no pleading or evidence to support one for more.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No: Series & Rep'r Indexes

13. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Assignments of error not propositions in themselves, and followed by no propositions, but referring merely to propositions under another assignment, not germane to them, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

14. APPEAL AND ERROR (§ 742*)—GROUPING ASSIGNMENTS—BRIEFING.

Assignments of error, one that plaintiff failed to plead diminished earning capacity as an element of damages, and that there was no evidence thereon, and therefore the judgment was $3,000 excessive, another that the judgment should not have been $7,200, but not to exceed $4,200, because the pleadings, evidence, and jury's findings did not authorize it, and another that the jury's findings show they did not intend to find for plaintiff in excess of $4,200, and that the judgment was $3,000 in excess of what they intended to return, present questions so related that the assignments may be grouped in the brief and considered together.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

15. DAMAGES (§ 221*)—INJURIES TO SERVANT—TRIAL—SUBMISSION OF ISSUES—DIMINISHED EARNING CAPACITY.

The issue submitted to the jury, "What sum, * * * if now paid, would fairly compensate plaintiff for such injuries as he received in the loss of his arm, part of his ear, the injuries * * * to his head, neck, * * * side and * * * foot, and to his hearing, * * * and to his mind and memory," with a direction that, "In answering this question, you may take into consideration the physical and mental pain * * * suffered by plaintiff, because of his said injuries, and whether or not and to what extent his injuries are permanent," includes a consideration of diminished earning capacity in the future.

[Ed. Note.—For other cases, see Damages, Century Dig. §§ 563–566; Decennial Dig. § 221.*]

16. APPEAL AND ERROR (§ 274*)—OBJECTIONS RAISED BY EXCEPTION—INSTRUCTIONS.

Objection that a charge permits a double recovery is not presented by an exception: "It is not the law; there is no pleading, and no evidence to support the issue."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605–1607, 1624, 1631–1645; Dec. Dig. § 274.*]

17. APPEAL AND ERROR (§ 273*)—REVIEW—INSTRUCTIONS—WAIVER OF OBJECTIONS.

A charge not having been excepted to as authorizing a double recovery, objection to it on that account is waived under the law with reference to charges, as amended by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590, 1606, 1620–1623, 1625–1630, 1764; Dec. Dig. § 273.*]

18. DAMAGES (§ 221*)—INJURIES TO SERVANT—TRIAL—VERDICT AND JUDGMENT.

Where, under issues submitted, the jury find the whole amount of plaintiff's damages from his injury to be $7,000, and the amount of his damages from diminished earning capacity to be $5,000, the latter being included in the former, only the $7,000 can be considered in rendering judgment.

[Ed. Note.—For other cases, see Damages, Century Dig. §§ 563–566; Decennial Dig. § 221.*]

19. DAMAGES (§ 159*)—TRIAL (§ 311*)—DIMINISHED EARNING CAPACITY—PLEADING AND PROOF.

Alleging and proving physical and mental condition which would necessarily result in loss of earning capacity is sufficient pleading and proof of diminished earning capacity, which may be ascertained by the jury from their common knowledge of men.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 429–438, 440–444, 447, 449–453; Dec. Dig. § 159;* Trial, Cent. Dig. § 739; Dec. Dig. § 311.*]

20. EVIDENCE (§ 471*)—OPINIONS.

Testimony of persons who knew plaintiff before and after his injury that thereafter they noticed a changed condition in his ability to remember things and talk connectedly, relating what they observed, is not opinion evidence as to his mental condition.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

21. MASTER AND SERVANT (§ 270*)—INJURY TO SERVANT — NEGLIGENCE — PLEADING AND PROOF.

Though a servant's petition for injury from a belt coming off a pulley merely charged negligence in the belt being too short, condition of a shaft, though not admissible to show negligence in that respect, is admissible as bearing on the fact that the belt, if too short, would be thrown from the pulley.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

22. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The court having only submitted to the jury the negligence charged in the petition, any admission of evidence bearing on negligence in another respect was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

23. DAMAGES (§ 158*)—PERSONAL INJURIES—PLEADING AND PROOF.

Ordinarily personal injuries other than those alleged in the petition cannot be proved.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–444; Dec. Dig. § 158.*]

24. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Plaintiff's testimony of his having received an injury other than those alleged in the petition, having been expressly withdrawn from the jury, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

25. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Plaintiff having been found guilty of contributory negligence, admission of any conclusion that plaintiff got in the best position he could was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

26. EVIDENCE (§ 194*)—DEMONSTRATIVE EVIDENCE—INJURY TO SERVANT.

The shoes which plaintiff wore when injured by the coming off of a belt while he was putting it on, being in the same condition as at the time of the accident, are admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 679; Dec. Dig. § 194.*]

27. DAMAGES (§ 173*) — PERSONAL INJURY — PLEADING AND PROOF.

The wages received by plaintiff and his ability to fire on an engine, though not express-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ly pleaded, may be shown in a servant's action for injury while employed about an engine.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 490–492, 501; Dec. Dig. § 173.*]

28. MASTER AND SERVANT (§ 270*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

As bearing on the alleged negligence, in a servant's action for injury from the coming off of a belt while he was putting it on, that it was too short, evidence that on a subsequent attempt to put it on the same pulley it came off is admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

Appeal from District Court, Hall County; J. A. Nabers, Judge.

Action by A. T. Tolbert against the Memphis Cotton Oil Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Presler & Thorne, of Memphis, Chas. K. Lee and W. D. Smith, both of Ft. Worth, and Taylor & Humphrey, of Henrietta, for appellant. Moss & Leak, of Memphis, R. R. Hazlewood and Jones & Miller, all of Amarillo, for appellee.

HUFF, C. J. A. T. Tolbert, appellee, instituted this suit in the district court of Hall county against appellant, Memphis Cotton Oil Company, for damages for personal injuries received while in the employment of appellant in and about its mill. The statement of the pleadings will be noticed later under assignments of error.

[1] The appellant presents as his first assignment the following:

"Because the judgment of the court is contrary to the law and the evidence and the findings of the jury in this said cause, in this: That the defendant pleaded as a defense assumed risk, fellow servant, and contributory negligence; and the jury found in favor of each and all of said defenses, and the court, notwithstanding the fact said defenses were pleaded, the proof made, and the jury finding in favor of each of said defenses, wholly failed and refused to enter up a judgment on said defenses and on said findings of the jury, which is contrary to law."

Appellant presents, as additional propositions under the above assignment, six propositions and subdivisions a, b, c, d, and e of proposition 6. The statement follows the last proposition, setting out the answer of appellant, the special issues submitted to the jury for their findings, and certain requested issues, and the answer of the jury to the issues. The first additional proposition is substantially that the defendant, having pleaded the defense of assumed risk, fellow servant, contributory negligence, which plaintiff failed to deny by supplemental petition, the court was not authorized to submit these, except as complete defenses and in complete bar to a recovery by plaintiff. The assignment we do not think raises the issue that the answer undenied was a bar to a recovery; that is, under the pleadings alone that defendant was entitled to a judgment. The

assignment is that under the defense pleaded, the evidence introduced, and the verdict of the jury thereon, the court erred in rendering judgment for the plaintiff. We do not think the first proposition germane to the assignment. Appellant evidently by this proposition seeks in this court, under article 1829, R. C. S., as amended, a judgment upon the pleadings as upon confession. This was not the ground urged in its motion for new trial and brought up to this court as an assignment. There is no statement under the proposition giving the pleadings of plaintiff. The statement contained in the proposition itself cannot be considered as a compliance with the rule requiring such statement. The appellee, in his statement answering this proposition, asserts that the original petition in several places alleges plaintiff was in the exercise of ordinary care and was doing the work in the usual way, and that he did not know of the failure of the defendant to repair the defective conditions until the very time of the injury, and that the defendant was negligent in failing to provide reasonably safe means, instrumentalities, etc.

[2, 3] Referring to the clause of the statute, "Any fact so pleaded by the defense that is not denied by the plaintiff shall be taken as confessed," Judge Moursund, speaking for the Court of Civil Appeals, Fourth district, said:

"This, of course, only applies to facts not already in issue by virtue of plaintiff's allegations. To allege in affirmative language the converse of what plaintiff has alleged does not constitute new matter which must in turn be controverted." Railway Co. v. Pennington, 166 S. W. 464.

While the defense set up by the appellant in this case is affirmative in its nature, yet, if the plaintiff anticipated such defense in his original petition, and denied its existence, we see no good reason for requiring a repetition thereof by supplemental petition. The allegations contained in the original petition, in effect, deny the defenses set up. We believe the Court of Civil Appeals in the Pennington Case, supra, correct in the holding that:

The general rule announced by 31 Cyc. 733, "conduces to a fair trial and will prevent litigants from taking up the time of the court with experimental trials, relying upon saving themselves if things go wrong by urging that they should have judgment upon the pleadings. Therefore we hold that, if defendant was entitled to a judgment upon the pleadings, it waived its right thereto, and we give such holding as an additional reason for deciding that appellant's first proposition is without merit." Telegraph Co. v. Andrews, 169 S. W. 218; Railway Co. v. Tomlinson, 169 S. W. 217.

The second, third, and fourth propositions are to the effect that the jury found in favor of appellant upon contributory negligence, assumed risk, and fellow servant, and that judgment should have been rendered in its favor. The correctness of this proposition depends upon whether propositions 5 and 6

---

are sound. Propositions 5 and 6 assert that the act of the Legislature known as the Workmen's Compensation Act (chapter 179, Acts 33d Legislature) is unconstitutional, for the following reasons: (a) It is in conflict with section 35, art. 3, of the Constitution of this state, in that the subject of the act is not expressed in the title thereof, and for the reason that said act contains more than one subject; (b) it is unconstitutional and in violation of the fourteenth amendment to the Constitution of the United States, which provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws"; (c) it violates the four-teenth amendment of the Constitution of the United States, and section 19, art. 1, of the Constitution of the state of Texas, in that the act authorizes the taking of the property of a citizen and depriving him of his liberty without due process of law; (d) The act is contrary to public policy, and is not within the police power of the state; (e) it is in violation and contrary to article 12, §§ 1, 2, of the Constitution of the state of Texas, which provides:

"No private corporation shall be created except by general laws. General laws shall be enacted providing for the creation of private corporations."

The act undertakes to create by special enactment a private corporation to be known as the "Texas Employers' Insurance Association." The following is a copy of the title of the act and the first and second sections:

"An act relating to employers' liability and providing for the compensation of certain employés and their representatives and beneficiaries, for personal injuries sustained in the course of employment, and for deaths resulting from such injuries, and to provide and determine in what cases compensation shall be paid, and to make the payment thereof the more certain and prompt by the creation of an insurance association to insure and guarantee such payments and of an industrial accident board for the investigation of claims and for the adjudication thereof for consenting parties, fixing the membership and powers of said board and its compensation and duties, and the method of its appointment, and the term of office of its members, and fixing also the powers, duties and liabilities of said insurance association and the extent of control over the same to be exercised by the commissioner of banking and insurance, and providing also for the insurance of payments of compensation to employés by certain other insurance companies and organizations, and declaring an emergency.

"Be it enacted by the Legislature of the state of Texas:

### Part 1.

"Section 1. In an action to recover damages for personal injuries sustained by an employé in the course of his employment, or for the death resulting from personal injury so sustained, it shall not be a defense:

"1. That the employé was guilty of contributory negligence; but in such event the damages shall be diminished in the proportion to the amount of negligence attributable to such employé, provided that no such employé who may be injured or killed shall be held to have been guilty of contributory negligence where the vio-lation by such employer of any statute enacted for the safety of the employés contributed to the injury or death of such employé.

"2. That the injury was caused by the negligence of a fellow employé.

"3. That the employé had assumed the risk of the injury incident to his employment; but such employer may defend in such action on the ground that the injury was caused by the willful intention of the employé to bring about the injury.

"4. Provided, however, in all such actions against an employer who is not an (a) subscriber as defined hereafter in this act, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment.

"Sec. 2. The provisions of this act shall not apply to actions to recover damages for the personal injuries or for death resulting from personal injuries sustained by domestic servants, farm laborers, nor to the employés of any person, firm or corporation operating any railway as a common carrier, nor to laborers engaged in working for a cotton gin, nor to employés of any person, firm or corporation having in his or their employ not more than five employés."

Following section 2 there are some 15 other sections in part 1 of the act, and in part 2 there are some 7 sections, and in part 3 there are some 23, and in part 4 some 7 sections. The latter parts and sections than those quoted relate to the organization of the insurance company, etc., which will be unnecessary to set out in full.

[4] "Articles of an act essentially single in subject which do not thus conceal or disguise the real purpose, are not subject to the constitutional objection, although the ends intended to be reached through the one subject may be many." Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S. W. 865. "The purpose of the constitutional provision is merely to reasonably apprise the legislators of the contents of the bill, to the end that surprise and fraud in legislation may be prevented. We think the title in question sufficiently full to give reasonable notice to the contents of the act." Doeppenschmidt v. I. & G. N. Ry. Co., 100 Tex. 532, 101 S. W. 1080. While it is true that the provision of the Constitution in question is mandatory, "such provisions have been liberally construed, and it has been steadily held that a title which, in substance, is a compliance with the requirement of the Constitution is sufficient." Gunter v. Texas Land & Mortgage Co., 82 Tex. 496, 17 S. W. 840-842. We have concluded that the subject of the act is stated in the title, and that there is not more than one subject contained therein. The ends to be reached are more than one, but all relate to the employer's liability and the proceedings for the compensation of certain employés, etc. The employer is liable when he is not a subscriber to the insurance association, and the act then further provides what compensation the employé may receive from the association when the employer is a member thereof. We regard the following authorities as in point on the question as to what may be considered under the subject

and as related to the subject, and whether or not there is more than one subject named in the title. Railway Co. v. Stoker, 102 Tex. 60, 113 S. W. 3; Nalle v. City of Austin, 103 S. W. 825; Taggart v. Hillman, 42 Tex. Civ. App. 71, 93 S. W. 245; Railway Co. v. Smith, 54 Tex. 1; Stone v. Brown, 54 Tex. 341; Focke v. State (Cr. App.) 144 S. W. 267.

[5-7] Subdivisions b, c, and d of proposition 6 have been fully answered by the courts of this state in various decisions. They have held a similar statute relating to the employés of railroads not in violation of the fourteenth amendment to the Constitution of the United States, and we think the reasons advanced in those cases applicable to this. Railway Co. v. Jenkins, 137 S. W. 711; Railway Co. v. Sadler, 149 S. W. 1188; Railway Co. v. Grenig, 142 S. W. 135; Railway Co. v. Matkin, 142 S. W. 604. We think the Supreme Court of the United States has answered the appellant's proposition that the act in question is contrary to the Constitution of the United States, in that it is class legislation, and that it makes an arbitrary division of the employés, and that the act is contrary to public policy, and authorizes the taking of the property of the citizen, etc. It is held by that court that no one has a vested right in the common law. "The law itself may be changed at the will of the * * * Legislature, unless prevented by constitutional limitations." If the appellant had been possessed of property created by the common law, the Legislature could not deprive it of such property by changing the law, but that is not this case. Mondou v. Railway Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Aluminum v. Ramsey, 222 U. S. 251, 32 Sup. Ct. 76, 56 L. Ed. 185.

[8] Subdivision "e" of proposition 6 asserts that the act is unconstitutional, because it violates article 12, §§ 1, 2, of the Constitution of this state. We shall not discuss the question of what is a general law within the meaning of the provision of the Constitution, but it will, we think, be sufficient to say that, if the sections of the act authorizing the creation and regulation of Texas Employers' Insurance Association are unconstitutional, because not authorized under the general incorporation law of this state, the sections of the law involved in this suit are not so connected with the insurance sections as to render void the sections relating to contributory negligence, assumed risk, and fellow servant.

It is a well-recognized principle that an act may be unconstitutional, and therefore void, as to some of its provisions and valid as to others. If the insurance sections are repugnant to the Constitution and should be stricken out, yet, if that which remains of the act and which are involved in this suit are complete within themselves and capable of being executed in accordance with the legislative intent, then such parts so remaining should be held valid. Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Breen v. Railway Co., 44 Tex. 302. We think the sections relating to insurance of employés may be so eliminated from the act, if they should be held repugnant to the Constitution, without impairing other sections of the act in question. We do not wish to be understood as holding that the sections relating to insurance associations are unconstitutional. We do not pass on that question at this time, for the reason that we do not think it necessary in order to hold the other portions valid. This assignment will be overruled.

[9, 10] Appellant presents its second and third assignments together. Assignment No. 2 is to the effect that the court erred in rendering judgment upon the motion of plaintiff for $7,200, because, under the findings by the jury, he was not entitled to a judgment in any sum. The third assignment is to the effect that the court erred in entering judgment upon the motion, because said findings were so conflicting that the plaintiff was not entitled to a judgment thereon. Appellee objects to the consideration of these assignments, because improperly grouped, and also to the consideration of the propositions and statements thereunder. We cannot say, under these assignments, that they present distinct questions. The first proposition asserts that the verdict is conflicting, and judgment should have been rendered against plaintiff and for defendant; and the second proposition that it is impossible to tell whether the jury meant for plaintiff to have nothing, or whether they meant for him to have $4,200; or whether they meant for him to have $7,200; or whether they meant for him to have $9,200, and that it is therefore so confusing and insufficient that it is insufficient to support a verdict for the plaintiff for the amount of $7,200, or for any sum whatever. This will necessitate setting out the issues submitted to the jury, and their findings, which are as follows:

"Questions.

"(1) Was the belt which injured plaintiff too short at the time the injury occurred? Answer: Yes.

"(2) If you answer the last question in the affirmative, then say whether the fact that the belt was too short, if you find it was, was the proximate cause of plaintiff's injury. Answer: Yes.

"(3) Was it the special duty of Bob Kemp to keep belts repaired and in proper condition for the purposes for which they are used? Answer: Yes.

"(4) Did Bob Kemp have his attention called to the fact, if it was a fact, that the belt was too short, if you find it was, by plaintiff prior to the time of the accident? Answer: Yes.

"(5) Did Bob Kemp fail to repair said belt? Answer: Yes, he did.

"(6) If, in answer to the last question, you should say that Bob Kemp did fail to repair said belt, then say whether or not such failure, if such you find there was, was negligence on his part. Answer: Yes.

"(7) If you say that Bob Kemp failed to repair the belt, then say whether or not such failure, if such you find there was, was the cause of the accident which injured plaintiff. Answer: It was.

"(8) It is the duty of employers to use ordinary care to furnish their employés with reasonably safe appliances for the doing of their work. Now, did said defendant company do this as regards the matter of the belt being too short, if you find it was? Answer: No.

"(9) If, in answer to the last question, you should say, 'No,' then say whether such failure of duty on the part of the defendant company, if such you find there was, was the proximate cause of plaintiff's injuries. Answer: Yes.

"(10) What sum of money, if now paid, would fairly compensate plaintiff for such injuries as he received in the loss of his arm, part of his ear, the injuries, if any, to his head, neck, and right side, and left foot, and to his hearing, if any, and to his mind and memory, if any? And, in answering this question, you may take into consideration the physical and mental pain, if any, suffered by plaintiff because of his said injuries, and whether or not and to what extent his injuries are permanent, if you find they are. Answer: $7,000.00.

"(11) Was plaintiff himself guilty of contributory negligence in the manner he put on said belt at the time he got hurt? Answer: Yes.

"(12) If you say in answer to the last question that plaintiff was guilty of contributory negligence, then say whether or not such negligence, if any, contributed to or caused the injuries of plaintiff? Answer: Contributed to the cause of injury.

"(13) Did the plaintiff assume the risk of the injuries he received? Answer: Assumed part of the risk.

"(14) Did the plaintiff actually know of the danger, if any, he was incurring at the time he got hurt, or were the dangers so open and apparent that plaintiff must have known of such danger, if any, that he was incurring, if you find he was, in adjusting the belt in the way he did? Answer: No.

"(15) If you say that the plaintiff's injuries were caused in part by the negligence of both plaintiff and defendant company, if any, concurring together, if you find they did, then say how much the amount named in paragraph 10 of this charge, if any amount is named, should be reasonably diminished, if you find it should by reason of plaintiff's negligence, if you find he was negligent, taking into consideration the amount of negligence attributable to said plaintiff, if any, and diminishing such amount, if any, in proportion to such negligence of plaintiff, if any? Answer: Two-fifths."

The jury answered the following issues requested by plaintiff and submitted by the court:

"At the request of the plaintiff, you are instructed to find from the evidence whether or not the earning capacity of the plaintiff has been decreased by reason of his injuries; and if you find that his earning capacity had been decreased thereby, you will then say to what extent plaintiff's earning capacity has been decreased by reason of his injuries. Answer this as a separate question; don't get it mixed up with paragraph 10 of the general charge. Answer: Decreased $5,000."

The jury also answered the following issues submitted by the defendant:

"(1) Was the plaintiff, at the time he was injured, a fellow servant with Bob Kemp in the work in which they were engaged? Answer: Yes.

"(2) Was Bob Kemp the foreman of the Dixie cream mixer machinery at the time of the injury to plaintiff? Answer: Yes.

"(3) Did Bob Kemp, at the time of the injury to the plaintiff, have the authority to employ and discharge employés? Answer: No.

"(4) Was Bob Kemp, at the time of the injury of the plaintiff, in charge of the Dixie cream machinery as foreman under the direction of P. M. Holland? Answer: Yes.

"(5) Did Bob Kemp, at the time of plaintiff's injury, direct the plaintiff how to perform the service he was performing at such time? Answer: No."

We think the answer of the jury to the fifteenth issue, to the effect that appellee's recovery should be diminished two-fifths on account of his own negligence, gave a rule by which the court could ascertain the amount found by the jury and for which judgment should be rendered. If the act of the Thirty-Third Legislature above quoted is constitutional, which at the time of the injury was in force, the fact that appellant himself was guilty of negligence contributing to his injury would not defeat a recovery, but would diminish his damages in proportion to such contributory negligence. The fact the laborer was injured through the negligence of a fellow servant or that he had assumed the risk is not a defense under the above act. We are inclined to believe the answers of the jury to the thirteenth and fourteenth issues do not find that appellee assumed the risk from the defective belt. While the answer to the thirteenth issue is that he assumed a part of the risk of the injuries he received, the answer to the fourteenth is that he did not know the danger he was incurring at the time he got hurt, and that the danger was not so open and apparent that he must have known of such danger in adjusting the belt. If the issue propounded had been as to his knowledge of the defect in the belt, then certainly there would have been no uncertainty in the verdict. We are inclined to think the answer to the preceding issues, especially the eighth and ninth, to the effect that appellant was negligent in furnishing the belt, and that such defective belt and negligence on the part of appellant was the proximate cause of the injury, renders the verdict reasonably certain. If the belt was too short, and this was the proximate cause of the injury, its then condition was the danger which appellee did not know, and the danger therefrom was not then open and obvious to him, and if appellee did not so know or was not charged with such knowledge, he did not assume the risk. The jury clearly found that the damages sustained by appellee should be diminished two-fifths, chargeable to appellee's negligence, which would, under the law, diminish his recovery to the amount for which the judgment should be rendered. We think the verdict sufficiently certain to sustain a judgment.

[11] The fourth and fifth assignments are presented together. The fourth complains at the action of the court in granting appellee's motion to render judgment for $7,200, because excessive, and because the finding of

the jury authorized a judgment only for the sum of $4,200.

The fifth assignment complains at the action of the court in refusing appellant's motion for judgment only for the sum of $4,200, because there were no pleadings or evidence to support a sum in addition to that amount. These assignments are objected to because grouped. We think they relate to the same question, and may be considered together. The first proposition is largely in the nature of a statement, but is perhaps sufficiently explicit to present the issue. We think the judgment should have been rendered for $4,-200, under the findings of the jury, and the assignment in that respect will be sustained, for the reasons hereinafter presented under assignments 8, 9, and 10.

[12] The second proposition is to the effect that the findings of the jury in answer to the issue requested by the plaintiff was not signed by the jury. This proposition is not germane to either of the above assignments. The third proposition is to the effect that, since appellant pleaded contributory negligence, assumed risk, and fellow servant, and there was no denial by supplemental petition, that this plea should have been taken as confessed. This proposition is not relevant or included in either of the assignments.

[13] The sixth and seventh assignments are not propositions within themselves, and are followed by no propositions, but refer to propositions under the second assignment. The propositions there considered are not in any wise germane to these assignments.

[14] The eighth, ninth, and tenth assignments are presented together. Appellee urges the same objections to the manner of briefing them. The eighth assignment is, in effect, that plaintiff failed to plead as an element of damages by reason of diminished earning capacity, and, there being no evidence thereon, plaintiff was not entitled to recover any sum therefor, and that the judgment is therefore excessive in the sum of $3,000.

The ninth assignment is substantially that the judgment should not have been rendered for $7,200, but, if for anything, not to exceed $4,200, because the pleadings, evidence, and the findings of the jury did not authorize the same, and that the judgment is excessive in the sum of $3,000, and is a double recovery against defendant.

The tenth assignment is because the findings of the jury show upon their face that they did not intend to find for plaintiff in any sum to exceed $4,200, and that the judgment for the sum of $7,200 is $3,000 in excess of what the jury expected and intended to return in favor of the plaintiff. We believe the questions presented by the assignments are so related that they may be considered under one assignment. The first and second propositions are not in accordance with the rules.

[15] The third proposition is to the effect that, when the jury awarded damages for all physical injuries sustained by him, taking in-

to consideration the permanency thereof, such damages would include any diminished capacity to earn money by reason of such injuries. It will be observed that the tenth issue submitted for the finding of the jury is:

"What sum of money, if now paid, would compensate plaintiff for such injuries as he received in the loss of his arm, etc? And in answering this question you may take into consideration the physical and mental pain, if any, suffered by plaintiff because of his injuries, and whether or not, and to what extent, the injuries are permanent, if you find they are."

The jury answered: "$7,000."

At the request of the plaintiff the court submitted the issues:

"You are instructed to find from the evidence whether or not the earning capacity of the plaintiff has been decreased by reason of his injuries, and if you find, etc., you will state to what extent, etc. Answer this as a separate question; don't get it mixed up with paragraph 10 of the general charge."

The jury answered: "Decreased $5,000."

We are inclined to believe the tenth instruction included a consideration of diminished capacity to earn money in the future. "The decreased capacity to labor and earn money would necessarily be a result of the impairment of physical and mental health." Railway Co. v. Butcher, 98 Tex. 462, 84 S. W. 1052; Railway Co. v. Smith, 63 S. W. 1064–1067; Ry. Co. v. Bock, 88 Tex. 310, 31 S. W. 500.

[16-18] We do not think the precautionary admonition, added to plaintiff's requested issue, sufficient to direct a finding on the damages sustained for permanent physical and mental injuries and diminished capacity to labor and earn money as constituting one item, but, in fact, it is a direction to consider them separately. This would reverse the case, if the appellant had excepted to the charge on the ground that it authorized a double recovery. The exceptions presented to this charge in the trial court are: "It is not the law; there is no pleading and no evidence to support the issue." This is not an objection that it permitted a double recovery. It has long been the rule that objections to evidence which were not made in the trial court will be considered as waived. Hill v. Baylor, 23 Tex. 261; Pool v. Wedemeyer, 56 Tex. 287–300. We see no good reason why the same rule should not be applied to exceptions taken to the court's charge. If the exception was not made in the trial court that the charge authorized a double recovery, it should be regarded as waived under the law as amended, with reference to charges, by the Thirty-Third Legislature (chapter 59, p. 113), and the previous holdings of this court. We think the appellant should be held to have waived the exception here presented; but, as above suggested, under assignments 4 and 3, the judgment should have been rendered for three-fifths of $7,000. This amount, under issues 10 and 15, clearly include the issue requested by the plaintiff, appellee herein. The

findings of the jury are not inconsistent with each other. One included diminished capacity to earn money by reason of physical, mental, and permanent injury, and also physical and mental suffering, which the jury found had damaged appellee in the sum of $7,000. Under the issue requested by appellee, they found his damage by reason of diminished capacity alone to be $5,000. By this method the jury itemized the damages.

[19] The fourth proposition is substantially that the appellee did not plead his earning capacity, and there was no evidence thereof, and that the findings of the jury thereon are without pleading or evidence. The physical and mental condition of appellee, as alleged and proven, would necessarily result in the loss of his earning capacity, as above stated by us. The diminished capacity of appellee to labor or earn money may be inferred from the nature and character of the injuries sustained, and may be ascertained by the jury from their common knowledge of men. Railway Co. v. Vance, 41 S. W. 167–170.

The eleventh assignment will be overruled. While we do not approve of the form of the judgment, it is, we think, a final judgment, and will sustain an execution for the amount adjudged.

[20] The twelfth, thirteenth, and fourteenth assignments complain at the action of the court in admitting the testimony of Mrs. Ellis Kennedy, J. A. Presley, and Silas Wood, as to certain evidence relative to the appellee's mind after the injury. The propositions presented are that the statements of the condition of the appellee's mind was the opinion of nonexpert witnesses, and no sufficient facts were given upon which to base the same, etc. Mrs. Kennedy testified:

"Since his injury I have noticed a changed condition of his ability to remember things and talk connectedly. He cannot hold a conversation very long. He will talk, and then will go off on something else. I noticed that in his conversation on the first Sunday he came home."

Mrs. Kennedy is the mother of appellee. This we do not think an opinion as to the mental condition of appellee. It is simply a statement of facts observed by her.

Presley, with whom appellee had worked before the injury, testified:

"I have had more talk with him since the injury than I ever did before, but I never noticed his talk scatter before. It don't seem that he can stay on a conversation now very long, and I didn't notice anything of the kind before. If he was that way before, I did not notice it."

Silas Wood testified to his acquaintance with appellee before and after the injury, and testified, in substance, that appellee was not in the same condition of mind or had the same mind he had before the injury. The court sustained the objection of appellant to this evidence, but, upon assurance of counsel to follow it up, the court permitted the examination to proceed. The witness then stated:

"I notice in talking with him since that accident that he seems to forget things that he states, and recites them in a way I never noticed before. Before that time his conversation was methodical, and now he will talk along and change off on something else, and maybe drop back and reverse what he has been saying."

We do not understand from this testimony that the witnesses were testifying that, in their opinion, the mind of the appellee was weak, or that he was mentally unbalanced, or that he was insane, but they simply related the facts which had fallen under their observation. The jury from these facts were left to draw their own conclusions. The assignments are overruled.

[21, 22] The fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twentieth assignments are grouped and relate to the testimony of several witnesses, the substance of which may be stated to be that they testified as to the length of the elevator shaft and how it was placed and braced in the elevator, and that, if the belt was too short and too tight, it would spring the shaft so as to throw the belt off of the pulley. The appellant objected to this testimony on the ground that there were no allegations in the petition that the brace to the pulley or shaft was the cause of the accident, and that it was irrelevant, immaterial, and prejudicial to the defendant's rights. The plaintiff in his original petition, after describing the length of the elevator shaft, the position of the pulleys thereon, and its position with reference to another shaft in the same building, allege generally that his injuries were caused by the carelessness and negligence of the defendant in failing to provide a reasonably safe place to work and reasonably safe appliances with which to do the work, in this: That the belt which he was attempting to put on the pulley at the time of his injuries was from 1½ to 2 inches too short, and alleging negligence on the part of appellant in failing to furnish a proper belt, etc. We do not understand the evidence in this case to have been offered or admitted for the purpose of proving negligence on the part of appellant with reference to bracing the elevator shaft or with reference to the manner in which the pulley was placed on the shaft. The purpose appears to have been to show that the belt, if too short, or too tight, would spring the shaft, and cause the pulley thereon to turn in such way that it would throw the belt therefrom. If the appellee had sought to prove negligence on the ground of failure to properly brace the shaft or pulleys, and sought to show negligence on the part of the appellant in that particular, we do not think the testimony under the pleadings would be admissible; but, for the purpose of showing that the belt, if too short, would be thrown from the pulley, we think the facts which showed the condition and the probability of such an occurrence were admissible; but, if not admissible under the pleadings in this case, there was no error or injury resulting therefrom, for the reason that the court only sub-

mitted as to negligence whether or not the belt was too short, and therefore in a defective condition. Where testimony is irrelevant and immaterial, or not supported by the pleadings, if not submitted by the court's charge, as a rule, it will not work a reversal of the case. Higby v. Kirksey, 163 S. W. 315. The above assignments are overruled.

[23, 24] The twenty-first and twenty-second assignments of error are grouped, and relate to the admission of testimony by the appellee that he was injured in the small of his back, and the testimony of J. A. Presley that appellee had an injury on the back of his head. The testimony of the appellee was expressly withdrawn from the jury. Presley had stated when the plaintiff was taken to the sanitarium he had seen wounds on the plaintiff, and among other wounds which he described was one on the back of his head. Ordinarily, a party cannot prove injuries other than those alleged in the petition; but, under the facts alleged in this case as to the manner in which the injury occurred and the injuries to the right side, head, etc., we are unable to see any injury that did or could have resulted to the appellant by reason of this statement of Presley; and the statement of the appellee himself, having been withdrawn from the consideration of the jury, would certainly not prejudice appellant. We overrule this assignment.

[25] The twenty-third assignment is to the testimony of the appellee, Tolbert, where he stated: "We changed our places, and we got in the best position we could at the places to put on the belt. I used the best care to my knowledge that I could." The objection was that this was a conclusion of the witness as to whether or not they got in the best position they could, and whether the plaintiff used the best care to his knowledge. We see no injury to appellant by the admission of this testimony. The jury found that the appellee was guilty of contributory negligence, and evidenced the fact that they did not consider this statement of the appellee that he used his best care, etc. This assignment is overruled.

[26] The twenty-fourth assignment of error is to the effect that the court erred in permitting the exhibition to the jury of the shoes which he had on at the time of the injury. The evidence shows the shoes were in the same condition at the time they were exhibited that they were in shortly after the injury. We think the testimony was admissible under the circumstances of this case, and that no injury resulted.

[27] The twenty-fifth and twenty-sixth assignments of error relate to the wages that the appellee received and his knowledge or ability to fire on an engine, etc. The objections are that the pleadings did not authorize the introduction of such testimony. We overrule the assignment, and hold the testimony was admissible.

We think no error is shown by the twenty-seventh assignment of error, with reference to what the appellee testified in regard to signing a certain statement procured from him shortly after the accident by the appellant company; and, in explaining why he signed the instrument, he stated he did not think the defendant company would have him sign anything that was not at all right, etc. This testimony was possibly admissible to explain the intent that he had at the time of signing the instrument in question. We think there is no serious injury done appellee or reversible error in admitting it.

[28] By the twenty-eighth assignment objection was made to the testimony of Bob Kemp and other witnesses, which, in effect, is that efforts had been made after the accident in question to put on the same belt on the same pulley, and that it came off. The objection urged by appellant as to what might have been done since the injury is irrelevant and immaterial and prejudicial to the rights of the appellant, and that there is no proper predicate laid. We think, under the circumstances, the testimony was admissible as bearing upon the question of appellant's negligence in regard to the belt; it may be slight, but it is admissible, we think, under the circumstances. Railway Co. v. Donaldson, 73 Tex. 124, 11 S. W. 163; Railway Co. v. Woolridge, 63 S. W. 905.

In considering this case we have been compelled, over appellee's objections to the brief, to investigate the authorities with reference to briefing, which has taken more time than upon the main questions at issue on the appeal. The brief is subject to the criticisms offered in many instances, and we believe we would have been justified in disregarding some of the assignments, propositions, and statements, but we concluded it would be better to consider the case upon the brief presented. If counsel, in briefing their cases, would observe and follow the rules more closely, they would save the court time and trouble in investigating various objections that are urged to briefs improperly prepared under the rules.

In this case the judgment of the lower court will be reformed, and rendered for the sum of $4,200, and, as reformed, the judgment will be affirmed, at the cost of appellee.