BRALY et ux. v. WEBSTER et al.    (No. 468.)

Court of Civil Appeals of Texas. Eastland.
March 23, 1928.

Execution ⚖⟿172(6)—Plaintiff making prima facie case held entitled to temporary injunction restraining sale under execution of alleged business homestead (Vernon's Ann. Civ. St. 1925, art. 4642).

Where pleadings and evidence of plaintiffs suing to restrain sale under execution of an alleged business homestead of plaintiffs presented a prima facie homestead right in the property, held, that under Vernon's Ann. Civ. St. 1925, art. 4642, a temporary injunction should have been granted plaintiffs, since they have right to have merits of main cause of action determined without having any cloud cast upon title to property prior to such determination.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by Neely Braly and wife against A. A. Webster and others. From an interlocutory order refusing a temporary injunction, plaintiffs appeal. Reversed, and temporary writ of injunction granted.

B. B. Chappell, of Breckenridge, and Davis, Synnott & Hatchell, of Dallas, for appellants.
Ben J. Dean, of Breckenridge, for appellees.

LESLIE, J.    Appellees A. A. Webster et al. were judgment creditors of appellants Neely Braly et al., and this suit was instituted by the latter to restrain the sale under execution of an alleged business homestead of the Bralys. There was a preliminary hearing of the cause, and this appeal is from an interlocutory order of the court refusing a temporary injunction.

The appellants' pleadings are sufficient in form and substance to present a prima facie homestead right in the property, and the evidence apparently goes to that extent. Article 4642, Vernon's Civ. St. vol. 14, provides that—

"Judges of the district * * * courts shall, in term time or vacation, hear and determine applications for and may grant writs of injunction returnable to said courts in the following cases: * * *

"4. Where a cloud would be put on the title of real estate being sold under an execution against a party having no interest in such real estate subject to the execution at the time of. the sale, or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law."

The emergency clause of the act containing the provision quoted. is:

"The fact ·that there is now no well-defined and settled statutes on law and equity to properly prevent a cloud on title of real estate * * * being sold under an execution against a person * * * having no interest in such real estate * * * without resorting to the legal remedy-at law, creates an emergency and an imperative public necessity * * * that this act take effect * * * from and after its passage." Acts 1909, c. 34, § 6.

The phrase, "cloud would be put on the title," as here used, means a claim of a right in land. 5 R. C. L. 634; Stolte et al. v. Karren (Tex. Civ. App.) 191 S. W. 600; Winkie v. Conatser (Tex. Civ. App.) 171 S. W. 1017.

As stated, the pleadings and the testimony present, at least, a prima facie case in favor of the Bralys upon the homestead issue. That being the case, they clearly have a right to have the merits of the main cause determined without having any cloud cast upon the title to said property, prior to such determination, by reason of a levy thereon and sale of the same under execution. Canales et ux. v. Canales et al. (Tex. Civ.

---

⚖⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

App.) 190 S. W. 842; Osborn v. T. P. Coal & Oil Co. (Tex. Civ. App.) 229 S. W. 359.

The briefs of each party have been considered. They present propositions outside of any issue involved on this appeal. Such propositions relate more to the merits of the litigation that must necessarily be determined upon a final trial. We shall not pass upon them in advance of such determination.

For the reasons assigned, the judgment of the trial court is reversed and a temporary writ of injunction is granted as prayed for, restraining the sale of the land described in the petition, until the cause is finally disposed of upon its merits. Such writ will issue upon the execution by appellant of a bond in the sum of $500 in terms and provisions as by law required.

It is so ordered.