APPROVED PERSONNEL SERVICE, Appellant,

v.

Mary Ann DALLAS et vir, Appellees.

No. 7428.

Court of Civil Appeals of Texas.

Texarkana.

May 22, 1962.

Billy E. Lee, Houston, for appellant.

James M. Harrington, Houston, for appellees.

CHADICK, Chief Justice.

This is a suit to collect a contractual debt. The judgment of the trial court is affirmed.

The appellant presents the single point of error that the trial court erred in holding a written contract made by a married woman with an employment agency as binding neither the woman nor her husband. Under the point the appellant argues that the judgment should be reversed because the service contracted for and rendered was a necessary, as that term is understood in Domestic Relations Law; and that by accepting the benefits of the contract the husband and wife were estopped to deny contractual liability.

The facts of the case are that the wife, who was not separated from her husband, simply signed a written contract agreeing to pay a fee to the employment agency if she accepted employment with an employer to whom she was referred by the agency. She was thereafter referred to an employer and accepted employment.

■ No case is cited holding a contract for services of the nature rendered here to be a necessary. There are numerous cases in which courts have, on the basis of facts of the particular case, held medical, dental and legal services to be necessaries. On the other hand, in Winkie v. Conatser, Tex. Civ.App., 171 S.W. 1017, error refused, it was held that a broker's service rendered in an exchange of the wife's separate property was not a necessary. The facts and circumstances of a case control and mold the meaning of the term as here used and the formulation of a comprehensive definition is difficult. Decision in this case must be made on the basis that the term encompasses such services as the husband is financially able to and should provide for the wife's benefit and that are suitable to the maintenance of the condition and station in life the family occupies. Speer, Law of Marital Rights in Texas, 236, Sec. 178 (1929 Ed.); Husband and Wife, 30 Tex. Juris.2d 28, Sec. 13.

No evidence was introduced in the trial of this case showing that the service contracted for by the wife should have been furnished by the husband, and that the service was necessary and suitable to the maintenance and condition or station in life occupied by this couple.

■ Appellant contends that the husband must have known that his wife was working, and with such knowledge accepted the benefit of her contract and he is thereby estopped to interpose coverture as a defense. The fact that he knew his wife was working does not compel the conclusion as a matter of law that he knew that she contracted with an employment agency to pay a commission for help in securing employment. The factual basis of estoppel is not proven.

The appellant's point must be overruled. The judgment of the trial court is affirmed.