POSTEX COTTON MILL CO. v. McCAMY.*
(No. 920.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 9, 1916. Rehearing Denied March 15, 1916.)

1. MASTER AND SERVANT ⊜⇒185(2)—INJURY TO SERVANT—SCOPE OF EMPLOYMENT.

To render a master liable for the act of a servant, it is not necessary that the master specifically authorize the servant to do the particular act; it being sufficient if the act falls within the servant's course of employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 387; Dec. Dig. ⊜⇒ 185(2).]

2. MASTER AND SERVANT ⊜⇒287(4)—INJURIES TO SERVANT—ACTIONS—EVIDENCE.

In an action by plaintiff, whose leg was broken, in putting a heavy bolt of cloth into a machine, the question whether a servant who assisted plaintiff and was negligent was acting

within the scope of his authority, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1045, 1060; Dec. Dig. ⚎287(4).]

3. **APPEAL AND ERROR** ⚎934(2)—**REVIEW—JUDGMENT—FINDINGS.**

In view of Rev. St. art. 1985, declaring that upon appeal an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment, provided that there be evidence to sustain the finding, a judgment in favor of an injured servant, based on special findings of the jury, will be upheld, though there was no finding that the negligence relied on was the proximate cause of the injury and the court, in rendering judgment, stated that he based his judgment on the findings made by the jury alone; it appearing that there was sufficient evidence to show that the negligence relied on was the proximate cause of the injury.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⚎934(2).]

4. **MASTER AND SERVANT** ⚎247(5)—**INJURIES TO SERVANT—ACTIONS—DEFENSES.**

Where one of plaintiff's superiors directed him, when he needed assistance in putting a heavy bolt of clothing in a machine, to call him, plaintiff's failure to call such superior is no defense to an action for injuries resulting from the negligence of his other superior, who assisted him in placing the cloth in the machine.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 799; Dec. Dig. ⚎247(5).]

5. **MASTER AND SERVANT** ⚎347—**INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT.**

The Employers' Liability Act of 1913 (Acts 33d Leg. c. 179) is valid.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⚎347.]

6. **MASTER AND SERVANT** ⚎281(12) — **INJURIES TO SERVANT—ACTIONS—EVIDENCE.**

In a servant's action, evidence *held* to warrant a finding that the servant was guilty of negligence which was a joint contributing cause of the injury and so, under Employers' Liability Act, recovery was properly diminished.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 995; Dec. Dig. ⚎281(12).]

Appeal from District Court, Garza County; W. R. Spencer, Judge.

Action by G. R. McCamy against the Postex Cotton Mill Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Bean & Klett, of Lubbock, Higgins & Hamilton, of Snyder, A. B. Williams, of Battle Creek, Mich., and H. G. Smith, of Post, for appellant. R. A. Baldwin, of Slaton, Cornell & Wardlow, of Sonoro, and Lipscomb & Lipscomb, of San Antonio, for appellee.

HENDRICKS, J. G. R. McCamy, the appellee, sued the appellant, Postex Cotton Mill Company, on account of personal injuries alleged to have been sustained in the employment of appellee while engaged in operating a calender machine used in the bleachery department of appellant's factory for ironing and finishing cloth, in that one W. R. Gilbert, an employé of appellant, while acting within the scope of his employment, negligently permitted a roll of cloth to fall upon plaintiff while he, said Gilbert, was assisting plaintiff to place the roll of cloth on said machine. Appellant's factory is divided into several departments: A gray room; the bleaching room or wash room; the finishing or calender room; and the sheet room or sewing room. The calender machine, at which plaintiff was working when he received his injury, was located in the finishing room, or calender room. As a part of plaintiff's duty, it was necessary to remove this heavy roll of cloth, weighing some 500 or 600 pounds, from a platform and place the same upon a truck, and with the aid of the truck place the roll on the calender machine. This bolt of cloth was 81 inches in length, and about 3 feet in diameter. The truck had to be removed from under the roll of cloth before the latter could be placed on the calender machine, and in order to eliminate the truck, it was necessary to raise one end of the bolt of cloth; and in raising one end of the bolt, the end of a bar, around which the cloth was wrapped, was placed on top of a slot, and then it became necessary to move it so that one end of a cylinder with a shoulder, would fit in the shoulder of the slot. On the particular occasion, while McCamy was attempting to make the connection with the bolt of cloth upon the calender machine, and while Gilbert was assisting in the operation, it is claimed that the latter, without the knowledge of McCamy, placed his foot on the end of the iron bar, giving it a shove in the wrong direction, causing it to fall on McCamy, instead of catching in the socket. McCamy's right leg was broken in two places. The jury found, on the submission of special issues, that the negligence of plaintiff and Gilbert produced the injuries; that Gilbert's contributing acts, causing the injury, were done within the general scope of his employment. They also found additionally that it was not a part of the duties of Gilbert to help change the rolls of cloth on the calender machine, but was within the scope of his employment for him to do so at the time of plaintiff's injuries. They found that McCamy requested Gilbert to assist him in this matter, but that McCamy did not tell Gilbert to shove or push the roll of cloth at the time of the accident. They found that a man of ordinary care would have pushed the truck south so that the journal would enter the socket before taking the truck out from under the cloth, and that a man of ordinary care, while the journal was lying on top of the loop at the north end, would not have caused the roll of cloth to have been pushed or shoved, to set the journal at the south end in the socket.

[1, 2] Appellant assails the judgment of the court on these findings that there is no evidence to support the findings of the jury that the defendant's employé, Gilbert, was acting within the scope of his employment at

the time of the injury. There seems to be no criticism by appellant that the findings of the jury that it was not the duty of Gilbert to assist in placing the cloth upon the calender machine, but that it was within the scope of his employment to do so, are inconsistent in their nature. It is insisted that Gilbert, during the month of April, 1914, was at work in the sheet factory, or the sewing room of that department, and that it was not his duty to perform any labor in the finishing room where the calender machine was located; that one Thomas Hardeman was in reality the foreman, and at the time McCamy was employed, the latter was instructed by Hardeman to call upon him or one Price when it was desired to make a change of rolls of cloth on the calender machine. The jury answered that such instructions were given by Hardeman. At that time one H. W. Fairbanks held the position of general manager of this mill. McCamy testified:

"I had a conversation with Mr. Fairbanks with reference to what Gilbert was doing, in the bleachery department, at the post office one day at noon, something like two weeks prior to this accident. Mr. Fairbanks asked me how everything was getting along at the bleachery. We had been having trouble with zigzag cloth. I told him it was bum as ever—still rotten. I meant the way things was getting along in regard to getting out good stuff. He said, 'There is going to be a change right away—maybe to-morrow.' He said: 'Hardeman may come out and Gilbert will take charge of the business there. Gilbert is an experienced man, and has been working something like 18 years.' * * * It was the following day, after I had the conversation with Mr. Fairbanks, that Mr. Gilbert came down to the bleachery and began the work I have already testified he was to perform."

Fred Johnson, the shipping clerk at the mills, also testified:

That he had a conversation with Fairbanks in regard to Gilbert's authority. "He told me that Mr. Gilbert was to have charge in the bleachery. Mr. Fairbanks told me he had charge of the bleachery."

The question on cross-examination was asked the witness:

"Was Mr. Hardeman over the entire bleachery? A. That is what I thought, but Mr. Fairbanks told me Mr. Gilbert had charge of the bleachery. Mr. Fairbanks told me the— before Mr. McCamy was hurt; I do not exactly remember what time. Mr. Hardeman and Gilbert had some misunderstanding (we presume in regard to their authority) and we were talking about it. Mr. Hardeman told me that they had words about it. Mr. Fairbanks said he (Gilbert) had charge at that time. It was something like a day or two before that Mr. Hardeman told me that he and Gilbert had some differences."

The testimony of Henry Foreman, of the following character, with reference to the bleachery, seems to have been introduced without objection, and had reference to a time shortly after the accident:

"What was it Mr. Gilbert said to Miss Josie (meaning one of the girl employés in the factory)? A. He just says that Hardeman hasn't got anything to do with it, or no more to do with it."

McCamy also said:

"Prior to my injury Gilbert was working in all the departments. * * * He was working in the bleachery department on April 20, 1914 (the date of appellee's injuries). * * * I observed that he was doing anything he saw fit to do or wanted to do. Just walk up and take hold of a machine, or help the fellow through the machine, or anything to do in the bleachery department at all times."

It is true that there is testimony in the record that Hardeman continued to remain in charge of the bleachery department in the factory, but a jury could conclude, notwithstanding such testimony, that Gilbert was also placed in charge, with the same authority, and that, for some reason—whether from the weakness of the general manager, or otherwise, is not shown—the two men, Hardeman and Gilbert, had differences over the question of their authority in the department mentioned. It seems to be conceded in the argument of appellant that Hardeman, who had instructed McCamy to obtain assistance, either from him, Hardeman, or Price, had the authority to perform the act which Gilbert in reality attempted to perform—to help McCamy place the bolt of cloth upon the calender machine. It is not necessary, under the authorities, that the master specifically authorize the commission of his servant to do the particular act, but it is only necessary that the authority covers the area of responsibility for the act which is performed, and this is considered the scope of employment or the course of employment.

"An act, though not ordered, is within the scope of employment if of such a nature as might be justified without such order." Gilmartin v. New York, 55 Barb. (N. Y.) 239.

In very many instances the negligence or tortious acts of the servant are not only without express authority to do the wrong, but in violation of the duty to the master, and the principal is liable for such torts if within the scope of the employment. We do not think that Gilbert was a "volunteer," under the testimony, when he assisted McCamy in the performance of the particular work, at the time of the injury. After reading the voluminous statement of facts in this record, and testimony considerably in detail, as to the duties of some of the employés, we think that by the answer of the jury that it was not the duty (though in the scope of his authority) of Gilbert to assist McCamy they meant it was not his particular employment, or handicraft, in the master's business.

[3] Appellant also assigns that the findings of the jury show that the act of the defendant's employé, Gilbert, alone was not the proximate or remote cause of the injury complained of. From the testimony only of McCamy, the jury could have found that Gilbert's acts were the sole and proximate cause of the injury, though finding the negligence concurrent. Gilbert said that plaintiff told him to shove or push the roll of cloth; plaintiff testifying that he did not tell him to do so. The jury found that plaintiff did not tell

Gilbert to shove the cloth. Appellant argues that, though the jury finds that Gilbert's acts were a concurring cause of the injury, and the trial court having stated that he based his judgment on the findings made by the jury alone, and not on any findings of his own, there could be no judgment, because the concurring negligence of Gilbert is not shown. Whatever the trial court might have stated in regard to basing his judgment on the findings of the jury, he returned a judgment nevertheless, and the evidence and findings sustain it. In this case the question of proximate cause vel non was not submitted to the jury; neither was there any request. The evidence sustains concurring negligence by Gilbert and McCamy in producing the injury. Article 1985 (though the issue of proximate cause was not specifically found by the jury), provides that upon appeal or writ of error an issue, not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such a finding. We seriously doubt that a trial judge, where the evidence actually sustains an issue though not found, when he has pronounced the judgment, can hamper his judgment to that extent by saying that he did not base it upon any additional findings of his own, but exclusively upon the jury's findings. The statute says:

"Upon appeal, an issue not submitted shall be deemed as found by the court, in such manner as to support the judgment"

—if there is evidence to sustain such finding. The statute is a rule to the appellate courts. However, the findings of the jury in this case, we think, support the judgment.

[4] Neither do we agree with appellant that the failure of McCamy to call on Hardeman or Price could, on account of such omission, be such an intervening cause, or omission, as to be a proximate cause of the injury. The failure of McCamy to call on Hardeman or Price cannot in law be the gravamen of appellant's defense. What Hardeman or Price would have done under the conditions is speculative. An omission, if negligence, must be an efficient cause in order to be a proximate cause, and such omission in this case could not be considered an intervening proximate or concurring efficient cause, especially if Gilbert had the right to assist McCamy.

[5] Appellant also attacks the constitutionality of the Employers' Liability Act of 1913 (Acts 33d Leg. c. 179) because the same contains subject-matter of legislation not embraced in the title, and the title of the act is false and delusive. This court passed upon this question in the case of Memphis Cotton Oil Co. v. Tolbert, 171 S. W. 312, 313. Until the Supreme Court destroys the particular provisions with reference to fellow servants, contributory negligence, and assumption of risk, this court will continue to assume the constitutionality of those provisions.

[6] The trial court submitted to the jury:

"What amount, paid now, would fairly and reasonably compensate the plaintiff for the injuries, if any, sustained by him?"

He also submitted:

"In the event you find that the plaintiff was guilty of negligence, that either proximately caused or contributed to the injuries, if any, complained of, to what extent should the damages, if any, sustained by plaintiff, by reason of his injuries, if any, be diminished, on account of such negligence, if any, on the part of plaintiff? State the amount, if any, in dollars and cents."

To the submission of the first question, the jury answered, "$4,000.00." The jury responded to the second question, "$2,000.00," reducing the former amount to that extent, on account of contributory negligence of the plaintiff. There are no exceptions to these submissions nor to the charge of the court along the same line. The plaintiff made a motion that the court enter judgment in his favor for the sum of $4,000.00, which was overruled. The proposition is that contributory negligence, in order to constitute a defense, must be the proximate cause of the injury complained of, and that an analysis of the testimony and a consideration of the findings of the jury preclude concurrent negligence. Though the jury might have answered that McCamy did not tell Gilbert "to shove," as testified to by Gilbert, and though we think that McCamy's omission to call on Hardeman or Price could not be considered as a contributing cause, however, upon careful consideration of Gilbert's testimony, we believe the jury could have found concurring negligence of McCamy with Gilbert, upon other conclusions derivable from his testimony. We overrule the cross-assignment.

The judgment of the lower court is affirmed.