GALVESTON, H. & S. A. RY. CO. v. HILL.
(No. 818.)

(Court of Civil Appeals of Texas. El Paso.
March 21, 1918. Rehearing Denied
April 11, 1918.)

1. TRIAL ☞133(6)—REMARKS OF COUNSEL—
CURE OF ERROR.

In an action for wrongful death, remarks by plaintiff's attorney that the jury should award a substantial verdict, that it did not mean much to defendant but would mean everything to plaintiff, that they should apply the Golden Rule, and that but for defendant's negligence plaintiff's intestate would still be running an engine to carry United States soldiers to the front, did not constitute reversible error in view of instruction by the court not to consider them.

2. DEATH ☞99(1) — DAMAGES — EXCESSIVE-
NESS.

$20,000 was not excessive damages for the death of a stout, healthy man 29 years old, who was earning $125 a month, had a life expectancy of 36 years, and was in line for promotion to locomotive engineer.

3. APPEAL AND ERROR ☞1048(1)—HARMLESS
ERROR—EXAMINATION OF WITNESSES.

In an action for wrongful death, questions by plaintiff's attorney as to why a defendant did not produce parts of the exploded engine *held* not reversible error.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Willie G. Hill, administratrix, against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Beall, Kemp & Nagle, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for appellant. Lea, McGrady & Thomason, of El Paso, for appellee.

HARPER, C. J. This suit was instituted by appellee, as administratrix of the estate of her deceased husband, against the Galveston, Harrisburg & San Antonio Railway Company, for damages occasioned by the death of her husband, George W. Hill, seeking recovery for her sole use and benefit; and for cause of action she alleged:

"That while deceased was in the employ of and serving the defendant as locomotive fireman, * * * the engine upon which he was working exploded and blew up, and caused his death. That the explosion and death were proximately caused by the negligence of the defendant, its agents, and employés other than said Hill, consisting of various negligent acts and omissions, more details of which are unknown to plaintiff than herein stated, although she has used reasonable diligence to discover same—but all of which are within the knowledge of defendant."

Said negligent acts and omissions, so far as known to plaintiff, are as follows; those submitted by the trial court as a basis of recovery being the only ones necessary or pertinent to the issues here presented. They alone are quoted:

"Said engine on said occasion was unsafe, out of repair, in a defective and dangerous condition, in that many of the radiato-crown and stay bolts in such boiler were broken, worn, old, * * * and insufficient.

"The engineer operating said engine * * * was negligent * * * in failing to test the quantity of water in the boiler with sufficient frequency, by using the gauge cocks, a device for that purpose, thus allowing the water in the boiler to become too low, thereby causing the boiler to become overheated."

And further alleged that deceased was earning $125 per month and was 29 years of age, and in the line of promotion to higher services, and greater wages.

Defendant answered by general demurrer, by various special exceptions, general denial, assumed risk, and contributory negligence.

Tried to jury, and verdict and judgment rendered for $20,000, from which this appeal.

Appellant's assignments 1 to 12, inclusive, urge that this cause be reversed and remanded because of the argument of counsel as follows, quoted in their numerical order:

First. "That the jury should give plaintiff a good and substantial verdict in this case; if they gave her all she sued for, it would not be too much; that it might not mean much to defendant, only a few more cars of freight to California, but what might mean very little to defendant meant everything to this woman (meaning plaintiff)."

Second and third. Counsel told the jury that "the Golden Rule was a good rule to go by in arriving at their verdict; and said, 'What would you want done in this case if he (meaning deceased) was your boy?'"

Fourth. "There never was a time when the world was calling for young men as it is now, and, had it not been for the negligence of defendant in furnishing George Hill a defective engine and boiler, he would still be doing his duty to-day, and to-morrow, and would be running an engine to carry United States soldiers to the front."

The fifth is that a charge to disregard the above could not eradicate its harmful effects.

Sixth. "It might be the fireman's injector on the engine did not work; that, had it worked, the deceased would have kept a sufficient quantity of water in the boiler, and to say that with the injector working the deceased sat there and allowed the water to get off of the crown street and blow up the boiler would be to say that he committed suicide." The proposition under this is that there is no evidence that the injectors on the engine were not working. We think there is.

The seventh is substantially the same as the sixth.

Eighth and eleventh. It was argued by counsel that a certain witness was put on the stand simply for the effect it would have upon a certain juror, the fact being that the witness and juror held good positions with another local railway company. The court charged the jury to disregard the argument.

Ninth. Counsel in argument mentioned certain evidence of defects in the engine not submitted by the court as a ground for re-

covery. But we think the matters mentioned were so closely related to those submitted as not to have had any evil effect upon the minds of the jury, even if not in fact legitimate matters for argument.

Tenth. Same as above.

Twelfth is that these repeated arguments taken together constitute reversible error; that a charge by the court to disregard could not cure the evil.

[1] We are of the opinion that the remarks complained of, in view of the facts of this case, were not outside the pale of legitimate argument; but, if they possibly were, the trial court has withdrawn them from the consideration of the jury, and it is rarely ever the case that cases will be reversed where the latter has occurred. Freeman v. McElroy, 126 S. W. 659, and the cases from Supreme Court of Texas there cited.

[2] The thirteenth and fourteenth are that the verdict is excessive, and that the inflammatory argument of counsel contributed to such excess.

The deceased was a stout, healthy man, 29 years old. He was earning $125 per month. Had a life expectancy of 36 years; was in line for promotion to engineer. We do not consider the verdict excessive, nor do we feel that the inflammatory remarks of counsel were such as to call for a reversal. In this connection, we adopt the closing observation in the case of San Antonio & A. P. Ry. Co. v. Blair, 184 S. W. 569:

"It is true that the size of a verdict itself might conclusively evidence that improper motives actuated and controlled the jury, but can it be said that a verdict of $25,000 (here $20,-000) for the life of a young robust man with all the * * * possibilities ahead of him, * * * who was earning a fine salary, evidences passion and prejudice on the part of the jury? We think not."

By another proposition, appellant urges that, with reference to the amount of recovery, this case is controlled by the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657–8665]) and not by the Texas rule. We are of the opinion that the rules are the same. Appellant cites Railway Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176.

[3] The fifteenth asserts that it was reversible error for counsel for plaintiff to ask the following questions:

"Q. Did you not bring that bolt here with you (referring to the radial, stay, and crown bolts of the boiler)? A. No. Q. Why didn't you? A. I did not think it was necessary. Q. Did you bring any piece of a crown sheet with you? A. No, got it in Houston though. Q. You got it down there? A. Yes, sir. Q. Why didn't you cut off a little piece and bring it here? A. I didn't think it was necessary to do that."

The sixteenth to twentieth, inclusive, arose upon objections to testimony of witnesses and because the court refused special charg-

es, withdrawing same from the consideration of the jury. This evidence was admissible as circumstantial evidence upon the two phases of the case upon which under the charge the jury could predicate a verdict for plaintiff.

The twenty-first, twenty-second, twenty-third, and twenty-fourth are to the effect that there is no evidence upon which to base a charge or verdict of the jury upon the issues submitted, to wit, defective engine because of weak and broken bolts, and the defective condition of the injector. In this case it seems clear that this boiler was caused to explode, either on account of defects, or on account of the negligence of the engineer in failing to keep water over the crown sheet of the boiler, or both. At least, there is sufficient evidence to sustain a verdict of the jury upon either phase submitted.

If therefore some of the matters may have been held to be reversible error in certain cases dealing with given facts, they were not so in this case.

Affirmed.