BEN WESTERMAN V. THE STATE.

No. 4243.   Decided Feb. 19, 1908.

**1.—Aggravated Assault—Assault to Rape—Indictment.**

Where in a prosecution for assault with intent to rape the indictment charged that the prosecutrix was not the wife of defendant, and charged the other ingredients of the offense, the same was sufficient.

**2.—Same—Continuance.**

Where upon trial for assault with intent to rape the testimony of the absent witnesses set out in the motion for continuance was not material, because the same did not contravene the State's case, there was no error in overruling the motion.

Appeal from the District Court of Eastland. Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and two years confinement in the county jail.

The following statement of the evidence taken from appellant's brief is substantially correct: Lonnie Hutton testified that she was the wife of Emmett Hutton; that the defendant married the sister of Emmett Hutton; that on Friday, the 14th, day of June, 1907, she was at the home of the defendant; that her husband was at work in the field, some

distance from the house; that she was at the house, and that the defendant came to the house, from his work in the orchard, near the house; sat down in the door, near where she was sitting, engaged in sewing, that the defendant caught hold of her arm; that she jerked loose from him, and started in the other room for the purpose of slopping the hogs; that the defendant followed her, caught hold of her arm, and said: "Please love me a little, and I will turn you loose;" that she tried to get loose from the defendant; that the defendant tried to push her on the bed; that she got in the window, which was open; that the defendant then caught her around the legs; that she tried to get loose, and finally did get loose, and jumped out of the window, and that she then started to slop the hogs, and that the defendant came out into the yard, and that the defendant sought to persuade her not to tell what had happened, and that she promised she would not; that she then went to slop the hogs, and returned near where the defendant was at work; that she was not afraid of the defendant, because she knew that her husband would soon be returning from his work; that her husband did return to the house within about twenty or twenty-five minutes after she escaped from the defendant, by going out of the window; that she did not haloo during the time that she and the defendant were engaged in the struggle; that there were two neighborhood roads, running near the house, where she was at the time; that there were two or three neighbors living within about half mile of the said house; that her husband was in the field at work at the time; that the offense occurred during the absence of the defendant's wife, and on Friday; that she did not tell her husband, or any one else of the occurrence, until Saturday, June 22, 1907, more than one week after the occurrence; that during the interval the defendant was at his home, and she and her husband remained in the same house; that they ate at the same table, and worked in the field together; she explains this failure to tell her husband for this long period by stating that she was afraid that her husband would kill the defendant, and yet she says that on Saturday, following the commission of the offense on Friday, the defendant went to the home of his wife's father, and was absent during Saturday night, and a portion of the following Sunday, and that she and her husband remained alone in the home of the defendant on that Saturday night, and were alone together on the following Sunday, when the defendant was not present, and that she finally told her husband of the occurrence on Saturday night, more than a week after the occurrence, and at a time when the defendant, and his wife, were in the same house. Lonnie Hutton further testified that subsequent to this time she and the defendant met at the neighborhood church, and that the defendant spoke to her, and that she then spoke to him; that the greeting was friendly.

Lonnie Hutton testified that her arms were red, but were not bruised; that the scuffle continued, in her opinion, for about one and a half hours, and she also testified that it was without her consent.

The defendant offered evidence, showing that the prosecuting witness

remained in the same house, where the defendant lived, and worked in the field where the defendant worked, and worked together for more than one week, and that there was nothing unusual in the conduct of the prosecuting witness, Lonnie Hutton, toward the defendant, after the alleged occurrence, and for more than one week after the offense is said to have occurred.

The defendant also offered evidence, showing that his reputation for being a law abiding citizen was good; and that upon hearing of this charge he came back from Jones County, and voluntarily surrendered to the sheriff of Eastland County.

*Stubblefield & Patterson,* for appellant.—On question of insufficiency of indictment. Burney v. State, 21 Texas Crim. App., 565; Ford v. State, 41 Texas Crim. Rep., 270; 53 S. W. Rep., 846; Reagan v. State, 28 Texas Crim. App., 227, and cases cited in opinion. On question of continuance: Kearse v. State, 13 Texas Ct. Rep., 628; Weaver v. State, 19 Texas Ct. Rep., 876.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault and his punishment assessed at a fine of $500 and two years in the county jail.

Appellant filed a motion to quash the indictment. The charging part of the indictment is, as follows: "Did then and there unlawfully make an assault, with the intent then and there to commit rape in and upon Lonnie Hutton, a woman, by then and there attempting, by force, threats and fraud, to ravish and have carnal knowledge of the said Lonnie Hutton, without her consent, the said Lonnie Hutton, then and there not being the wife of him, the said Ben Westerman."

Appellant relies upon the Franklin case, 34 Texas Crim. Rep., 203; and the Payne case, 38 Texas Crim. Rep., 494, as authority for his motion. The indictment here does allege that the prosecutrix is not the wife of appellant. In those two cases, the indictment did not so allege. The cases are not in point and we hold the indictment is sufficient.

Appellant insists that the court erred in refusing to grant him a continuance for the want of the testimony of defendant's wife and one Blackburn. That he expected to prove by his wife that prosecutrix stayed at the home of appellant with her husband some days after the alleged assault; that his wife discovered nothing unusual in the manner of prosecutrix, and that he wanted the testimony of Blackburn to prove by him that Emmett Hutton's (husband of prosecuting witness) object in having him prosecuted was to collect a debt from appellant. The record before us shows that the prosecutrix's husband was not placed upon the stand in the trial, and this testimony would be entirely immaterial. Furthermore, the prosecutrix herself, testified in the trial that she and her husband were living at the home of appellant at the

time of the assault, and she continued to stay there a week afterwards without making any disclosure of the defendant's conduct towards her, while she so remained. Therefore, the testimony of appellant's wife would not be material, because no fact was proposed to be proved by her, other than that admitted by the State. In other words, her testimony did not contravene the State's case in any particular.

There are no other questions in this record that require review at our hands. The judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied June 24, 1908.—Reporter.]