## Dick Singleton v. The State.

### No. 3910. Decided June 6, 1908.

**1.—Gaming—Betting—Private Residence—Constitutional Law—Caption of Legislative Act.**

The caption of the Act of the Thirtieth Legislature amending article 388, Penal Code, containing the clause, "and generally to suppress gambling; repealing all laws in conflict herewith and declaring an emergency"; together with other clauses of said caption, includes the offense of wagering money at cards, although it does not say so in precise terms.

**2.—Same—Betting at Cards—Private Residence—Family.**

Under the Act of the Thirtieth Legislature it is an offense to bet at cards in a private residence occupied by a private family. Following Purvis v. State, 52 Texas Crim. Rep., 342.

Appeal from the County Court of Hamilton. Tried below before the Hon. A. E. Scott.

Appeal from a conviction of unlawful betting at a game of cards; penalty, a fine of $10.

The opinion states the case.

*A. R. Eidson,* for appellant.—On question of caption of the Act of the Thirtieth Legislature: Albright v. State, 8 Texas Crim. App., 216; Cox v. State, 8 Texas Crim. App., 254; Adams v. San Angelo Co., 86 Texas 485; 4 Texas Notes, p. 633. It is no offense against the laws of the State of Texas to play cards at a private residence occupied by a family, and to bet on such games, when the house is not one commonly resorted to for the purpose of gaming. The evidence in this case shows the de-

fendant, with some other persons, played a game of cards at a private residence occupied by a family, and while they were playing they bet on such game; that said house was not commonly resorted to for the purpose of gaming. Art. 379 White's Penal Code, art 381 White's Penal Code, Long v. State, 22 Texas Crim. App., 194; Borders v. State, 24 Texas Crim. App., 333; Stewart v. State, 34 Texas Crim. Rep., 33; Moffett v. Moffett, 67 Texas, 645; Bonner, v. Hearne, 75 Texas, 242. See House Journal Regular Session Thirtieth Legislature, pp. 240, 264, 283, 290, 896, 979, all indicating the subject of the legislation, the intention of the Legislature in passing the legislation and the construction placed upon same by the Legislature.

*F. J. McCord,* Assistant Attorney-General, and *S. R. Allen,* for the State.—On constitutional question cited cases in opinion. On question of gaming at a private residence: Dickerson v. State, 38 Texas Crim. Rep., 472; 43 S. W. Rep., 520; Clark v. Finland, 54 S. W. Rep., and cases cited in the opinion.

RAMSEY, JUDGE.—The appellant was charged by indictment with betting at a game of cards. His trial before a jury in the County Court of Hamilton County, resulted in a conviction on which judgment was accordingly entered. He has appealed to this court and relies for a reversal on practically two questions. The evidence is undisputed and shows beyond doubt or controversy that appellant and other persons played at cards at a private residence occupied by a family at which all the parties, including himself, wagered money. It was undisputed that the house in which the game was played was a private residence occupied by a family and was not at that time nor had it been commonly resorted to for the purpose of gaming. The questions relied upon for reversal are thus clearly and succinctly stated in the brief of appellant. It is contended, first, "If it is attempted by the Act of the Thirtieth Legislature to make the acts of the appellant in this case an offense, then the provision of said act is inoperative and void because not expressed in the title of the act as required by the Constitution of this State, article 3, section 35." The other proposition is, that it is no offense in this State to play cards at a private residence occupied by a family, when said private house is not resorted to for the purpose of gaming, even through the participants in the game bet or wager thereon.

1. In the recent case of Joliff v. State, 53 Texas Crim. Rep., 109 S. W. Rep., 176, we had occasion to discuss article 3 of section 35 of our Constitution. We there reached the conclusion, as well stated by Mr. Sutherland in his work on Statutory Construction, section 96, that "A subject expressed in the title includes all subsidiary details which are means for carrying into effect the object or purpose of the act disclosed in the subject." That well known law writer clearly states the rule, section 85, as follows: "Whatever may be the scope of an act it can embrace but one subject, and all its provisions must relate to that subject;

they must be parts of it, incident to it, or in some reasonable sense aux-iliary to the object in view. That subject must be expressed in the title of the act. The constitutional requirement is addressed to the subject, not to the details of the act. The subject may be single. The pro-visions to accomplish the object involved in that subject may be multi-farious." The caption of the act in question, Acts of the Thirtieth Legislature, Chapter XLIX, p. 107, purports to be an act to amend article 388 of the Penal Code of the State of Texas, etc., and contains this general clause, "and generally to suppress gambling; repealing all laws in conflict herewith and declaring an emergency." While the body of the caption does not in precise terms make it an offense to wager money at cards, the other clauses of the caption are sufficient, in our judgment, to make it obvious that such an offense was incidental and fairly included within the subject of the caption. This matter has frequently been considered by this court and our Supreme Court.

The act taken as a whole seems to strike at the general vicious practice of gambling, and it was evidently the legislative intent to in-clude the particular offense with which appellant is charged. Joliff v. State, 53 Texas Crim. Rep., 109 S. W. Rep., 176; Day Land & Cattle Co. v. State, 4 S. W. Rep., 865; Floeck v. State, 34 Texas Crim. Rep., 314; Ex parte Mabry, 5 Texas Crim. App., 93; Johnson v. Martin, 12 S. W. Rep., 321.

2. The other question raised by appellant to the effect in substance that it is not an offense under the laws to bet at cards in a private residence occupied by a private family, was held adverse to appellant's contention in the case of Purvis v. State, 52 Texas Crim. Rep., 342; 107 S. W. Rep., 55. Appellant in his brief contends that it was not the purpose of this act, and that fairly construed same does not make it an offense to gamble at cards at a private residence occupied by a family, and cites, at some length, the legislative history of the bill, including many references to the House and Senate Journals. These we have examined and find that the history of the measure as given by appellant is substantially correct, and ordinarily there might have been some special weight to his conten-tion, except for the overshadowing fact that the bill contains intrinsic evidence that the Legislature meant to level against gambling, in all its forms, a sweeping denunciation and to make gambling at cards under whatever shelter, whether at a private residence, church house, or steeple, an offense against the law, as it is in fact an offense against morals. This act manifests incontestably the quickened conscience of the State that it is a moral as it should be a legal wrong, for one person to acquire the money or property of another without rendering some service or paying some equivalent for it; that the practice of gambling is demoralizing, inimical to society and destructive to the morals of our youth as well as men of maturer years. We can not get our consent, therefore, to strike down and nullify this legislative intent but feel that when so clearly expressed, that we should, as we will do, support and maintain the law.

Finding no error in the record, the judgment of the court below, is affirmed.

*Affirmed.*