### ED KNOWLES v. THE STATE.

#### No. 1937. Decided October 30, 1912.

**1.—Gaming—Betting at Craps—Private Residence.**

Betting at craps is a violation of the statue everywhere, although it occurs at a private residence.

**2.—Same—Craps—Continuance.**

Where defendant's first application for continuance showed proper diligence and the absent testimony was material, he was entitled to a continuance.

Appeal from the County Court of Titus. Tried below before the Hon. W. E. Riddle.

Appeal from a conviction of gaming; penalty, a fine of $20.

The opinion states the case.

*T. C. Hutchings,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for betting at a game of craps. His first contention is that betting at craps is not a violation of the statute when this occurs at a private residence, unless the private residence is resorted to for the purpose of gambling. In this we think appellant is in error. Such was once the statute, but now betting at craps is a violation of the statute any and every where.

When the case was called for trial appellant moved to continue the case. The diligence seems to be sufficient. The absent witnesses, it is shown by all the testimony, were present at the time and place where the crap game is said to have been played. It is alleged they

would have sworn positively that appellant did not bet at the crap game. Two witnesses for the State testify, in substance, to a game and that appellant played. There was more than one witness who testified that no such thing occurred, and all of the witnesses place the absent witnesses present at the time and place of the playing. This is the first application for continuance, and it may have been had the jury heard the testimony of these witnesses they would have acquitted the defendant. However that may be, it being the first application, proper diligence being used, and the testimony material, appellant was entitled to the continuance. The court should either have granted the continuance, or have set aside the conviction on motion for new trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*