WALTER SCOTT v. STATE.

No. 2351. Decided March 19, 1913.

Gaming—Betting at Dice—Sufficiency of the Evidence.

Where, upon trial of betting at dice, the evidence showed that the defendant threw the dice and put up his money, the conviction was sustained, although the State's witness did not remember any specific bet made by the defendant, there being several engaged in the throwing of dice.

Appeal from the County Court of Hamilton. Tried below before the Hon. R. Q. Murphree.

Appeal from a conviction of gaming by betting at a game of dice; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of betting at dice. A jury was waived and the case was tried before the court.

The only question raised in the motion for new trial is based upon the alleged insufficiency of the testimony to support the finding of the court. The testimony is from one witness only, and to the effect that the witness Smith, appellant and two others, Cole and Simmons, were present at a game of craps, and all bet money on the game. Quoting the language of the witness: "We all bet money on the game. I suppose Walter Scott bet on the game. We played with dice. The game we played is commonly called craps. We all bet on the game. I am positive that we all bet on the game. We bet money. There were four of us and we all bet." On cross-examination he was asked if he had any specific recollection that Walter Scott bet on the game. His answer was that he was there present. "But do you not know whether he bet or not? A. I don't know whether he bet directly with me. Q. Do you remember positively that he did bet, and have a specific recollection of any bet? A. No, I haven't any recollection of any bet. Walter Scott, Billy Cole, Acquilla Simmons and myself

is all I remember of being present." On re-direct he says: "I do not remember any specific bet, but he put down his money. I do not remember any specific bet I made. I remember his throwing the dice and putting up his money." This is the testimony, and upon this the judge based his conclusion of guilt. We would hardly feel justified in reversing the judgment on this testimony. The matter was submitted to the court, and he heard the witness, and under this testimony we are of the opinion that the judgment should be affirmed.

*Affirmed.*