DICK RENFRO v. THE STATE.

No. 4734.    Decided December 5, 1917.

1.—Gaming—Dice—Statutes Construed.

Article 557, P. C., makes it an offense for any person to bet at any game played with dice anywhere. Following Scott v. State, 59 Texas Crim. Rep., 15, and other cases.

2.—Same—Remaining in Place of Gaming.

Article 563, P. C., makes it an offense for any person to remain in any place where any such game with dice is played, and where defendant was charged with this offense and the evidence sustained a conviction, there was no reversible error.

3.—Same—Evidence—Bill of Exceptions—Res Gestae.

Where the bills of exception to the introduction of testimony were entirely insufficient, they can not be considered on appeal. However, if they are considered in the light of the record this testimony was admissible as res gestae. Following Best v. State, 72 Texas Crim. Rep., 201.

4.—Same—Evidence—Witness—Disqualification—Harmless Error.

Under article 791, C. C. P., persons charged as principals, accomplices or accessories, whether in the same or different indictments, can not be introduced as witnesses for one another; besides, the same testimony was introduced by other witnesses, and the error, if any, will be, at most, harmless.

**5.—Same—Statute Construed—Dice—Gaming.**

Under article 563, P. C., it is an offense for a person to go into and remain in any place where a game with dice is being played, and it is not necessary that the place be a gambling house, or is commonly resorted to for gaming. Distinguishing Walters v. State, 58 Texas Crim. Rep., 240, and other cases.

Appeal from the County Court of Cottle. Tried below before the Hon. W. O. Jones.

Appeal from a conviction of remaining in a place where dice is played; penalty, a fine of twenty-five dollars.

The opinion states the case.

*C. C. Renfro* and *J. M. Hawkins,* for appellant.—Citing cases in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of accomplices, principals and accessories: Hart v. State, 61 Texas Crim. Rep., 509.

PRENDERGAST, Judge.—Article 557, P. C., makes it an offense for any person to bet at any game played with dice anywhere (Bowles v. State, 67 Texas Crim. Rep., 578; Knowles v. State, 67 Texas Crim. Rep., 600; Scott v. State, 69 Texas Crim. Rep., 615-16, two cases).

Article 563, P. C., makes it an offense for any person to remain in any place where any such game with dice is played. Appellant was convicted of this offense and his punishment assessed at the lowest prescribed by law.

Mr. Combest, the sheriff, and Mr. Bebout, his deputy, both swore they caught Elmo Barron, Dr. Nugent, Mr. Harris, Paul Huff and Jack Jones gambling with dice, playing craps in a certain room in the Paducah Hotel, in Paducah, Cottle County, Texas, on May 10, 1917, at about 10:30 o'clock at night and that these persons gambled with dice for from thirty minutes to about an hour; that these persons played on the floor; that appellant was in the room and remained therein practically all of the time this gambling was going on. They swore he sat on the bed during the time; that he did not himself play in the game.

Appellant himself swore, in substance, that he was in that room, and remained therein while said gambling was carried on from ten to twenty minutes; that the game was begun after he went into the room. He swore: "I stayed ten, fifteen or twenty minutes after the game started, may have been longer than that, but didn't stay long." He swore that said five persons named were all in the game, but that he did not sit on the bed, but on a machine in the room and that the gambling with the dice was on the bed and not on the floor.

Appellant has one bill of exceptions to this question asked by the county attorney: "What position were the men in on the floor?" and the answer: "All the men were playing on the floor except defendant."

This is the whole of the bill except his objections that it was not shown
that appellant was on the floor or playing.

He has another bill to this question by the county attorney: "When
did you see the defendant come out of the room?" and his answer: "It
was about five minutes before 12 o'clock when the defendant came out
of the room." He objected to this because it was immaterial, irrelevant,
etc. This is the full substance of the bill.

He has another to this question asked by the county attorney:
"What did you hear?" and the answer: "I heard some one say that
he would shoot so much." Appellant objected to this because it was
not shown that appellant made the remark nor that he was in the room
at the time.

Neither of these bills are sufficient to require their consideration.
James v. State, 63 Texas Crim. Rep., 75; Best v. State, 72 Texas Crim.
Rep., 204, and authorities cited. But, even considering them in the
light of the record, they are clearly the res gestae or facts and circum-
stances hovering around and immediately connected with the transac-
tion occurring at the time and place of the main fact. It has all the
time been held, as stated by Judge White in his An. P. C., sec. 1236,
as follows: "All of which was said or done, or that which occurred at
the time of the homicide (transaction), tending in the slightest degree
to explain the transaction or conduct or motive of the parties is ad-
missible." These questions and answers objected to were admissible.

Appellant has another bill which recites that on the trial "defendant
offered the witness, Elmo Barron, who was present at the time of the
alleged offense, and is in the position to know, if anybody knows, the
facts in this case." The bill further alleges that he expected to prove
by said witness that he was present on said occasion with the four other
that it was begun about fifteen minutes before 1 o'clock; that shortly
thereafter appellant got up and left the room; that the game was not
played on the floor, but on the bed and that appellant during the time
he was in the room sat upon a machine and not the bed. The county
attorney objected to this witness testifying under article 791, C. C. P.,
which prescribes that persons charged as principals, accomplices or
accessories, whether in the same or different indictments, can not be
introduced as witnesses for one another—objecting that because he had
been prosecuted, etc., for playing said game. The court sustained his
objection and refused to permit the witness to testify. He has other
bills showing that he offered the same testimony, in substance, by several
of the other persons engaged in the game, but the court refused to
permit any of them to testify. Appellant contends that the county
attorney's objections were mere objections and not proof of facts which
disqualified the witness. His contention may be conceded as well taken.
If, as a matter of fact, said witnesses were principals, accomplices or
accessories to the offense charged against appellant, article 797, C. C. P.,
provides that after they had been tried and convicted and their punish-
ment was fine only, they may testify after they have paid the fine and

costs. As stated, it may be conceded that the witnesses were competent to testify and that the court erred in not permitting them to testify; then the question is whether such error was material or harmless.

As stated, appellant himself swore that he was present and remained where the game was being played, as stated in his testimony above. Each of these excluded witnesses would have sworn the same thing, in substance. In other words, their testimony as well as all the other, without question and without doubt shows that appellant was present and remained a considerable period of time in the room where the game and gambling was carried on. The fact, if so, that he did not remain as long as the sheriff and deputy testified he did, or that he did not sit upon the bed, but a machine, and that the game was not played by the said persons on the floor, but on the bed, would not, and could not, have changed the result.

It is well established that a harmless error is not ground for reversal. Exclusion of the testimony of each of these witnesses was harmless and does not require or authorize a reversal. The punishment assessed was the lowest prescribed by law.

No other questions are raised which require discussion.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

December, 1917.

PRENDERGAST, JUDGE.—The sole ground of appellant's contention in his motion for rehearing is, that under the statute (art. 563, P. C.), it is not made an offense to go into and remain in any place where a game with dice is being played unless such place is a gambling house or is commonly resorted to for gaming. He cites and relies upon Walters v. State, 58 Texas Crim. Rep., 240. The statutes applicable and prescribing this offense were cited and given in the original opinion. It is unnecessary to repeat them. As stated and shown by authorities there cited, it is an offense for any person to bet at any game played with dice anywhere, whether in a private residence occupied by a family or not, and article 563 makes it an offense for any person to remain in *any place* where any such game with dice is played. The Walters case is not in point herein. In that case the charge was that appellant remained in Matilda Hagen's house, where a game of cards was being played by certain persons. The uncontradicted proof in that case was that said house was the private residence of the woman alleged and that it was not commonly resorted to for the purpose of gaming, that one game being the only game ever played therein so far as the testimony showed. It is not an offense to play cards and gamble in a game therewith at any private residence occupied by a family unless such private residence is commonly resorted to for that purpose.

In Purvis v. State, 62 Texas Crim. Rep., 302, this court expressly

overruled the cases of Singleton v. State, 53 Texas Crim. Rep., 625, and Purvis v. State, 52 Texas Crim. Rep., 342, wherein it was held by Judge Ramsey that it was an offense to bet at a game of cards played at a private residence even where not commonly resorted to for that purpose, this court holding that it was no offense under the statute to play a game with cards at a private residence occupied by a family and bet thereon, unless such private residence was commonly resorted to for that purpose.

What Judge Ramsey said was meant by *"any place"* in said article 563 in said Walters case, is restricted to what was being decided in that case, that is, as to a game played with cards at a private residence occupied by a family which is not commonly resorted to for. that purpose. It is not applicable to any place where a game with dice is played and betting thereon. It was obiter dictum as to any place where gambling is done with dice.

The motion is overruled.

*Overruled.*