## DOAK PYTHIAN V. THE STATE.

### No. 6657.   Decided February 15, 1922.

**Gaming-Dice—Presence at Game—Statutes Construed.**

Betting at a game played with dice is unlawful wherever played; it is likewise unlawful for one to remain in a place where such betting is going on, and where in the instant case the evidence sustained the conviction Under article 563, P. C., and article 567, P. C. there was no reversible error. Following Scott v. State, 69 Texas Crim. Rep., 615, and other cases.

Crim. Rep., 615, and other cases.

Appeal from the County Cort of Williamson.   Tried below before the Honorable F. D. Love.

Appeal from a conviction of gaming; penalty, a fine of $25.00.

The opinion states the case.

*W. C. Wofford* and *J. A. Breckenride*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from a judgment assessing against appellant a fine of $25 for violating the gaming law.

The conviction is under Article 563 of the Penal Code, which reads thus:

"If any person shall go into or remain in any gambling house, knowing the same to be such, or shall remain in any place where any of the games prohibited by this act or, within his knowledge, being played, dealt or exhibited, he shall be punished by a fine of not less than twenty-five nor more than fifty dollars.   Gambling house and gaming house, as used in this law, is meant any place where people resort for the purpose of gaming, betting or wagering."

All gambling at games played with dice are prohibited by another section, namely, Art. 567.   See Knowles v. State, 67 Texas Crim. Rep. 600.

The State's theory, sustained by the evidence, is that various persons were playing games with dice and betting money in a certain restaurant and that appellant went into the house and remained as an onlooker, but did not participate in the game.   As we understand this construction of the statute, the evidence supports the conviction. Renfro v. State, 82 Texas Crim. Rep. 344.

The court's reasoning in the last-mentioned case is that inasmuch as betting at a game played with dice is unlawful wherever played, it is likewise unlawful for one to remain in any place where such betting is going on.   The case of Walters v. State, 58 Texas Crim. Rep. 240, is distinguished upon the ground that the game there in question was not unlawful nor in an unlawful place.   To gamble with cards unless

it was in a gambling house or one resorted to for gambling purposes is not prohibited. Penal Code, Title 11, Chap. 4. With games of dice, there is no such limitation. Scott v. State, 69 Texas Crim. Rep. 615.

The judgment is affirmed.

*Affirmed.*