**SULLIVAN et al. v. WESTHOFF et al.**

No. 9631.

Court of Civil Appeals of Texas. Galveston.
March 25, 1931.

Rehearing Denied April 16, 1931.

Leachman, Gardere & Bailey and W. H. Neary, all of Dallas, for appellants.

John T. Vance, of Edna, for appellees. ·

GRAVES, J.

With only immaterial interlineations as to form, this concededly correct statement is taken from appellants' brief:

"This is an appeal from an order of the District Court of Jackson County overruling the pleas of privilege of appellants herein, T. B. Sullivan and S. B. Davis, individually and as co-partners, trading under the name of Sullivan & Davis, and the Employers Casualty Company.

"Suit was filed in the District Court of Jackson County by plaintiffs, A. E. Westhoff and H. F. Stierling, residents of Jackson County, against T. B. Sullivan and S. B. Davis, residents of Williamson County, and the Employers' Casualty Company, a corporation, with its legal domicile in Dallas County, on the basis of claims as alleged by plaintiffs' petition against the defendants, growing out of a debt for goods, wares, and merchandise, supplied by plaintiffs to the defendants, Sullivan and Davis, on a public job, to-wit: the construction of a bridge across the Lavaca River in Jackson County, on Highway No. 12, the job being let by the State Highway Department, and being known as Job No. 121–B, Federal Aid Project 543–F. A series of release-bonds were executed by Sullivan and Davis in accordance with the provision of Article 5472–B, Revised Civil Statutes of Texas, and the defendant, the Employers' Casualty Company, became surety on the series of release-bonds. The moneys impounded in the hands of the State Highway Department were released upon the filing of the release-bonds mentioned, and plaintiffs are now suing upon these release-bonds, as provided by the statute mentioned. Plaintiffs are suing in the alternative upon the general contractor's bond of the defendants, Sullivan and Davis, with the defendant, the Employers' Casualty Company, as surety, alleging that their debt is a proper charge against that bond.

"Messrs. T. N., Fred, and Harry Mauritz, and the Sheffield Steel Corporation, intervened in the suit filed by plaintiffs herein, setting up similar claims in varying amounts against the defendants, Sullivan and Davis, with the defendant, the Employers' Casualty Company, as surety.

"Pleas of privilege in statutory form were timely filed by each of the defendants, and the same were controverted by the plaintiffs and the intervenors, Messrs. Mauritz.

"Upon a hearing of the pleas of privilege and the controverting affidavits thereto, they all were overruled, to which action of the trial court appellants excepted, gave notice of appeal to this court, and perfected their appeal by the filing of their cost bond.

"Upon the trial of the venue hearing, no facts were adduced relative to venue in Jackson County, though it was shown that certain goods, wares, and merchandise were supplied to Sullivan and Davis for the public job in Jackson County for which Sullivan & Davis were the general contractors, and that release-bonds were put up by such defendants with their co-defendant, the Employers' Casualty Company, as surety, with the State Highway Department.

"Upon the basis of allegations showing the furnishing of goods by appellees Westhoff and Stierling, the giving of notice of claim to the State Highway Department, and the execution by appellants herein of statutory release-bonds, the appellees all declared in their controverting affidavits as the sole ground for venue in Jackson County, that 'venue lies in this case in Jackson County, Texas, under chapter 78, Second Called Session, Acts of the 41st Legislature.' * * *

"Neither the release-bond nor the general contractor's bond involved in this cause are made payable in Jackson County, nor was any fact introduced by appellees upon the hearing of the pleas of privilege and the controverting affidavits thereto, bringing the facts of this cause within any of the exceptions of article 1995. The language of Vernon's Ann. Civ. St. article 5472b—1, § 2, that is, chapter 78, § 2, Second Called Session, Acts 41st Legislature (1929), relied upon by appellees, reads as follows:

"'At any time within six months from the date of filing of said surety bond, the party making or holding such claim or claims may sue upon such bond, but no action shall be brought on such bond after the expiration of such period. One action upon said bond shall not exhaust the remedy thereon, but each obligee or assignee of an obligee named therein may maintain a separate suit thereon in any court and in any jurisdiction.'"

Appellants ably contend here, in material substance, first, that "the language of article 5472b—1, § 2, is not such an express prescribing of venue as to indicate the legislative intent to create further exception to exclusive venue in the county of a defendant's residence," and, second, that, to give it such an interpretation would render the act void as being violative of the Constitution of the state, section 35 of article 3, in that its title contains no reference to the fixing of venue for the suit thereby authorized, being in his verbis as follows:

**606**

"An Act providing that when a claim or claims attempting to fix a lien are filed under Chapter 17 of the General Laws of the State of Texas, passed by the Regular Session of the 39th Legislature, that a surety bond may be given by the contractor or contractors affected; providing for the release of the lien securing said claim, and for the payment of the moneys, bonds, or warrants due said contractor or contractors upon the filing and approval of said bond; also providing for the limitation of actions to establish said claims; for incidental matters, and declaring an emergency."

■ Notwithstanding the direct forcefulness with which it is presented, we cannot sustain appellants' position in either respect, concluding rather, as to the first, that the word "jurisdiction" as used in this statute should be interpreted as denoting the place, county, or territorial limits within which "any court" therein authorized to entertain a suit upon such a bond sits; as to the second, that such a construction does not render it obnoxious to the invoked provision of the Constitution as having two subjects in its body and only one in its caption, but at most expounds a legislative enactment containing a single leading subject that is sufficiently expressed in the title—the giving of surety bonds and the authorization of suits thereon in the contingency dealt with—and a second merely subsidiary provision following in the subjoined text alone, whereby the venue of these suits is fixed as legitimately incident to, and tending to effectuate, such main object in so creating the right to bring them.

The appellees' brief has collated authorities which seem to us to furnish ample support for these conclusions, as follows: For the first: Newburn v. Durham, 10 Tex. Civ. App. 655, 32 S. W. 112; Jones v. Robb, 35 Tex. Civ. App. 263, 80 S. W. 395; Corpus Juris, vol. 15, page 726; 4 Words and Phrases, First Series, page 3885; 2 Words and Phrases, Second Series, page 1281. For the second: Snyder v. Compton, 87 Tex. 377, 28 S. W. 1061; Ex parte Hernan, 45 Tex. Cr. R. 343, 77 S. W. 225; Fahey v. State, 27 Tex. App. 146, 11 S. W. 108, 11 Am. St. Rep. 182; Missouri, K. & T. Ry. Co. v. State (Tex. Civ. App.) 97 S. W. 720; Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Tex. 459, 84 S. W. 1054; Doeppenschmidt v. International & G. Ry. Co., 100 Tex. 534, 101 S. W. 1080; Childress County Land & Cattle Co. v. Baker, 23 Tex. Civ. App. 451, 56 S. W. 756; Joliff v. State, 53 Tex. Cr. R. 61, 109 S. W. 176; Singleton v. State, 53 Tex. Cr. R. 625, 111 S. W. 736.

Under the well-settled rules of statutory construction reflected in such cases as Banks v. State, 28 Tex. 644; City v. Potter, 41 Tex. Civ. App. 381, 91 S. W. 389; and Gulf, C. & S. F. Railway Co. v. Railway, 86 Tex. 537, 26

S. W. 54, in this instance—if the expression is reasonably susceptible of that—some meaning must be given to each of the phrases "in any court," "and in any jurisdiction," since, being conjunctively so used, it plainly cannot be said that the Legislature by way of tautology was merely repeating in the one the same meaning of the other; it seems more simple and natural to think that it was intended to add an additional specification, that is, that each of the beneficiaries of such a release bond, whose number and diversity as to location the lawmakers must have contemplated might become extensive, could bring his suit thereon in any proper court as to the amount involved anywhere.

And, if that was the combined purpose, the further deduction that so much of it as thus fixed the venue wherever the beneficiary chose to lay it could be provided for in the text of the enactment, without specifically reciting it in the caption, in our opinion follows as readily.

Under these views, the learned trial court was right; the judgment there rendered has accordingly been affirmed.

Affirmed.