

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 8, 1951

Hon. Travis D. Shelton    Opinion No. V-1303
District Attorney
Lubbock, Texas           Re: Whether the salary increase
authorized by Section 2,
Article 3912g, V.C.S., is
applicable to assistant dis-
trict attorneys in Lubbock
County appointed under Arti-
Dear Sir:              cle 326k-12, V.C.S.

Your request for an opinion of this office
states that under the present population of Lubbock
County the appointment of assistant district at-
torneys is controlled by Article 326k-12, V.C.S. You
ask whether assistant district attorneys appointed
under Article 326k-12 may be granted the salary in-
crease authorized by Article 3912g, V. C.S.

Section 2 of Article 3912g provides:

"The Commissioners Court in each county
of this State is hereby authorized, when in
their judgement the financial condition of
the county and the needs of the deputies,
assistants and clerks of any district, coun-
ty or precinct officer justify the increase,
to enter an order increasing the compensa-
tion of any such deputy, assistant or clerk
in an additional amount not to exceed thirty-
five (35%) per cent of the sum allowed under
the law for the fiscal year of 1948."

Section 5 of Article 3912g provides:

"The provisions of this Act shall be
cumulative of all other laws pertaining to
salaries of county and precinct officers
and their deputies and assistants."

Section 1 of Article 326k-12, as originally
enacted in 1947, provided:

"From and after the passage of this Act,
in a Judicial District composed of one or
more counties and in which the population
in any one of said counties, as determined

by the last preceding Federal Census, is not less than seventy thousand (70,000) and not more than two hundred and twenty thousand (220,000) inhabitants, and in which county there are two (2) or more District Courts the District Attorney or the Criminal District Attorney, with the consent of the combined majority of the District Judges and Commissioners Court of such county, is hereby authorized to appoint at their discretion, not more than six (6) investigators or assistants who shall receive a salary of not more than Three Thousand, Seven Hundred and Fifty Dollars ($3,750) per annum, nor less than Three Thousand Dollars ($3,000) per annum, the amount of such salary to be fixed by the District Attorney or Criminal District Attorney and approved by a majority of the District Judges; . . ."

Article 326k-12 was amended in 1949 by House Bill 474, Acts 51st Leg., R.S. 1949, ch. 495, p. 916. The only change made by the amendment was to extend the statute to include judicial districts containing a county having a population between 39,000 and 50,-000 inhabitants. The salary limits fixed in the 1947 act and all other provisions governing the appointment of assistants in counties included within the original act were left unchanged. The 1949 act repealed all laws or parts of laws in conflict with its provisions "to the extent of the conflict only."

House Bill 474 was finally passed by the Legislature on June 21, 1949, and was approved by the Governor on June 29, 1949.

Article 3912g was also enacted by the 51st Legislature. Senate Bill 92, Acts 51st Leg., R.S. 1949, ch. 320, p. 601. This statute was finally passed by the Legislature on May 31, 1949, and was approved by the Governor on June 6, 1949. It is seen that House Bill 474 was both passed and approved subsequent to the enactment of Senate Bill 92.

Unquestionably, the increase authorized by Article 3912g was applicable to assistants appointed under Article 326k-12 as enacted in 1947. The question

then arises as to whether the amendment of Article 326k-12 subsequent to the passage of Article 3912g had the effect of repealing Article 3912g insofar as it might apply to assistants appointed under the later enactment.

In Jessee v. De Shong, 105 S.W. 1011 (Tex. Civ. App. 1907), the court laid down the following rules:

"'Where the re-enactment is in the words of the old statute, it was evidently intended to continue uninterrupted the portion of such statute, and the new act or amendment is a mere continuation of the former act, and not in a proper sense a repeal.' This expression embodied a rule of construction, applicable to the re-enactment of an identical provision when no enlargement of that particular provision occurs. as being an express negative of the intention to repeal or recall that particular provision so re-enacted. Its applicability is founded on the reason that at the time of framing the new act the fact existed that this same identical provision of law existed in the former law, with its rights and remedies; and the further fact that it was carried forward in its terms, without change or repugnancy, in the new act, would warrant the inference of the intent of the Legislature that the particular provision was, as before, to continue to be applied as before to the facts existing at the time of the enactment. . . . It is true there is found a general rule of construction, that in proper cases is applied by the courts, that where there is a new enactment in relation to a particular provision or subject-matter, and the act plainly shows that it was intended to, and does, comprehend the entire subject-matter relating to the objects of the enactment, and was intended to be a substitute for all prior statutes on that subject, it operates as a repeal by reasonable implication of all such prior laws. This general rule, nevertheless, has exceptions and limitations to its application, like all rules.

It is founded on legislative intent, on
what was expressed and done, and is ap-
plied to the intent appearing evident
in the act.  It is a general limitation
put upon the application of this rule of
construction that the particular provi-
sion of a former act embodied in the new
act cannot be treated by the courts as
new enactments, and construed from the
standpoint of the arrangement of the new
act and on the theory that they had no
prior existence, but must be construed
by the courts from the standpoint of the
intention  of continuation of the former
law, unless there is a contrary intent
to supersede."

It is evident from the repealing clause in
House Bill 474, which repealed other laws to the ex-
tent of conflict only, as well as from other pro-
visions of the bill, that this statute was not in-
tended to be exclusive on the subject matter covered
by it.  Since the provision in question was re-
enacted in identical form with the prior enactment,
it is to be considered as a continuation of the for-
mer law.

Section 2 of Article 3912g, which was ap-
plicable to Article 326k-12 before amendment, is
not in conflict with the identical re-enacted por-
tion.  Clearly, then, Article 3912g was not express-
ly repealed by House Bill 474.  Nor was it repealed
by implication, since House Bill 474 was not in-
tended to deal with the subject in its entirety.

In Taggart v. Hillman, 93 S.W. 245 (Tex.
Civ. App. 1906, error ref.), the court quoted the
following rule which is applicable here:

"A later law which is merely a re-
enactment of a former, does not repeal
an intermediate act which has qualified
or limited the first one, but such in-
termediate act will be deemed to remain
in force, and to qualify or modify the
new act in the same manner as it did the
first."

See 50 Am. Jur. 558, Statutes, Sec. 553, and cases
there cited.

From these authorities, it is our conclusion that Article 3912g is applicable to the re-enacted portion of Article 326k-12 in the same manner that it was prior to the amendment of this statute by Senate Bill 474.

Section 2 of Article 3912g authorizes an increase in salary "not to exceed thirty-five per cent of the sum allowed under the law for the fiscal year of 1948." This provision has been interpreted to relate to the compensation allowed in the particular county in 1948. Att'y Gen. Ops. V-864 (1949) and V-1140 (1951). Under the 1940 Federal census, Lubbock County had a population of 51,782. Therefore, the appointment of assistant district attorneys in this county in 1948 was governed by Article 3902, V.C.S. Subdivision 3 of Article 3902 fixed the maximum base salary of the first assistant at $2100 per year and the maximum base salary of other assistants at $1800. Subdivision 9 of Article 3902 authorized an increase of 25 per cent of the sum allowed under the law for the fiscal year of 1944. The sum allowed in 1944 was the same as that allowed under Subdivision 3 in 1948. Subdivision 10 of Article 3902, as added by Senate Bill 272, Acts 50th Leg., 1947, ch. 162, p. 265, authorized a further increase of 20 per cent in counties having a population of not less than 51,782 and not more than 52,500, but this provision was held unconstitutional as a local law prohibited by Section 56, Article III, Constitution of Texas, in Att'y Gen. Op. V-225 (1947).

Applying the valid statutes to the present case, we find that the maximum salary allowable to assistant district attorneys in Lubbock County at this time is as follows: first assistant, $4668.75 ($3750.00 under Article 326k-12 plus 35% of [$2100.-00 plus $525.00] under Article 3912g); other assistants, $4537.50 ($3750.00 under Article 326k-12 plus 35% of [$1800.00 plus $450.00] under Article 3912g).

## SUMMARY

The salary increase authorized by Section 2 of Article 3912g, V.C.S. is applicable to assistant district attorneys appointed under provisions of Article 326k-12,

V.C.S., as re-enacted by House Bill 474,
Acts 51st Leg., R.S. 1949, ch. 495, p.
916.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

MKW:awo

Yours very truly,

PRICE DANIEL
Attorney General

By  *Mary K. Wall*

Mary K. Wall
Assistant